### The Bank of Burlington, *vs.* Robert Beach.

A, as surety for C, executed with him a joint and several note, to the Bank of Burlington, which the
Bank refused to discount. C, thereupon, went with the note to D, telling him it would be discount-
ed the next week, upon which D advanced the money to C—sent the note again to the Bank, and it
was again refused. D then desired that the note might remain in the Bank for collection, for *his*
benefit; after which, A gave notice to the Bank, that if the note was not discounted, he wished it
might not bo done. In an action, on the note against A. in the name of the Bank, for the benefit
of D. *Held,* That though D could not have compelled the Bank to assent to the transaction, or
authorize the suit, yet the Bank, by complying with the request of D, must be considered as
having adopted the payment of D, and might maintain the action against A.

THIS was an action of *assumpsit,* upon a note, dated April 20,
A. D. 1822, for the sum of $200, payable *sixty-four* days after
the date thereof.

It appeared in evidence, on the trial, that the said note was
signed by the defendant, and also by *Beeman* and *Clark,* who
were the two first signers. That Beeman and Clark presented
the note to the bank for discount, which was refused, and they
took the note away. That they afterwards offered the note to
*Wood, & Co.* of Middlebury, saying that the note would be dis-
counted the next week; and wished them to advance the mon-
ey upon it; that Wood, & Co. paid them $110 in cash, and
gave them up a note, which they held against Beeman and
Clark, for the balance; that Wood & Co. sent it to the bank
again, for discount, which the bank refused, and Wood & Co.
wished it to remain in the bank for collection, for *their* benefit;
that after this time, *Beach,* the defendant, gave notice at the
bank, that if the note was not discounted, he wished it not to be
done; that immediately after the time set in the note, for pay-
ment, the note not being paid, Wood & Co. directed the note
put in suit; and, that this suit was brought for their benefit.

Upon this evidence, the Court directed the jury to return a
verdict for the plaintiff, for the amount of the note, with interest,
after due; to which opinion and decision of the Court, the de-
fendant then and there excepted.

The case being agreed to, by the counsel, the exceptions were
certified by the Court, and the judgment respited to the present
term.

And now, *Adams,* for the defendant, contended,

1. That the bank cannot maintain this suit for their own
benefit. From the established practice of this, and all other
banks, notes are signed and lodged with the bank, for the ex-
amination of the directors, and if approved, the money is paid
upon them. Until payment by the bank, it would be like any
other contract, *without consideration,* or where the *consideration
had wholly failed.* The note is lodged with the bank, upon con-
dition of receiving the money, and if this condition is not com-
plied with, no obligation arises, on the part of the signers. If
any other doctrine should be established, the banks would have
it in their power to become high-handed swindlers, and few
would be so fool-hardy, as to trust their notes in their power.

*Chittenden,*
December,
1825.

The Bank of
Burlington,
*vs.*
Beach.

2. They cannot authorize this suit for the benefit of another. Until it shall appear that the bank have some interest in this demand, it cannot be perceived how they have any thing to assign. Their consent, that Wood & Co. might sue in their names, is nugatory, without first having a right to sue for their own benefit ; and Wood & Co. ought not to gain any advantage, by coming into Court, in the mask of *a body without a soul.*

3. No contract was ever made by the defendant, with the bank. This results from what we have before endeavoured to establish ; for, though the note was offered to the bank, it appears they refused to discount it, and if the money was not received, it ceases to be operative.

4. No contract was ever made by this defendant, with Wood & Co. He consented to become surety for Beeman and Clark, to the bank, but he did not thereby authorize them to bind him to any other person. The defendant did not constitute Beeman and Clark his agents, to negotiate a loan with Wood & Co.— Their authority was pointed out in the note, and limited by it, and if they have grossly attempted to exceed their authority, Wood & Co. have no right to look to this defendant, but must seek their remedy against Beeman and Clark, with whom they dealt.

*Griswold,* for the plaintiffs, rose to reply, but was stopped by the Court, and their opinion was pronounced by

ROYCE, J. In this case, it is objected by the defendant, that no consideration ever passed from the plaintiffs, which could give effect to the note declared on, and that the note was never delivered to, or accepted by, the plaintiffs, according to their established course of doing business ; for both which reasons, it is contended, that this action is not supported. On the other hand, it is insisted, that, as the amount of the note has been advanced upon it, in good faith, though not by the plaintiffs, they had a right to accept a delivery of the note, for the benefit of the persons equitably entitled to the amount, and to prosecute the present suit, for the benefit of those persons. It must be admitted, that, were it not for other transactions than those which have taken place immediately between the plaintiffs and the makers of the note, this suit could not succeed, for the reasons urged by the defendant. The question then is, whether, as a Court of law, we can look beyond the parties to the note and to this suit, trace the note through the hands of other persons, and give it validity, upon a consideration moving from those who are apparently strangers to the instrument ? It is material, to observe, that this note was executed by the defendant, with *Beeman* and *Clark,* and placed in their hands, for the purpose of enabling them to raise money upon it ; which money, when advanced, was to become the consideration of the note. It was drawn without any consideration, past or present, but was to depend upon one which was future and contingent. In this respect, negotiable paper, and other mercantile securities for money, often differ from other contracts. For, that such securities

Chittenden,
December,
1825.

The Bank of
Burlington,
vs.
Beach.

may be created to raise money, and become effectual in the hands of those who shall honestly purchase, or advance money upon them, is not to be disputed. It is generally understood, that the person for whose use they are created, may sell them to any one who will advance the money, and the parties to the instrument are precluded from objecting to the want of consideration. Nothing short of fraud in the purchase, is supposed to impeach his right to the benefit of the security. In this case, Wood & Co. honestly advanced the amount of this note to Beeman and Clark, the holders of it, and for whose accommodation and benefit it was made. It is true, they were induced to do this, by a misrepresentation of Beeman and Clark, to which the defendant was not privy. But he, having enabled Beeman and Clark to practice this fraud, by the possession of the note, ought rather to suffer the consequences of it, than Wood & Co. who were bona fide purchasers. It is said, however, that this note was not intended for circulation, being payable only to the bank ; and therefore, that nothing short of an acceptance of it by them, according to their usual practice, and the payment of *their own money* upon it, would perfect the contract, so as to uphold this suit upon the note itself. The concurrence of two things are undoubtedly necessary to the legal operation of this note ; the acceptance or assent of the plaintiffs, and the advance of the amount. But the order of time in which these things happen, is not considered material. Nor is it considered material, whether Beeman and Clark received the benefit intended in the making of the note, from the hand of the plaintiffs, or from that of Wood & Co. When the value was once advanced to Beeman and Clark, from whatever source, the beneficial consideration of the contract, as to them and the defendant with them, was complete, and a second advance of the same sum by the plaintiffs, ought not to be required by the makers of the note, since they could derive no benefit from it. By this, it is not intended that Wood & Co. by the advance of their money upon the note, could make themselves parties to an instrument upon which their names do not appear ; nor could they have compelled the plaintiffs to assent to the transaction, or authorize the present suit. But the plaintiffs, by receiving the note, and keeping it in the bank, and by commencing and prosecuting an action upon it, must be taken to have adopted the payment made by Wood & Co. ; so that, for the purposes of this suit, the acceptance of the note, and the payment of the contents, are to be considered as the acts of the plaintiffs. Had not the advance of the money, and the receipt of the note into the bank, taken place in a reasonable time from the making of the note, and previous to any countermand or notice from the defendant to the bank, other considerations would doubtless have been presented, with which, at present, we have nothing to do.

Judgment for the plaintiffs, on the verdict.

*Wm. A. Griswold* and *J. C. Thompson*, for the plaintiffs.
*John M. Eldridge* and *Chs. Adams*, for the defendant.