JOHN SMITH *vs.* JOHN H. BURTON.

If A, B and C own goods jointly, and agree to an auction sale upon credit, with notes payable to bearer ; and agree that S shall be the bearer, and collect and pay over, and B becomes a purchaser and gives such a note, S can recover at law in a suit upon this note.

This was an action of *assumpsit* on promissory note, for $499,16, dated August 24, 1829, and payable to bearer in six months from date. Plea, *general issue.*

At the trial in the county court, ROYCE, J. presiding, it appeared in evidence, That in May, 1829, one Jedediah Freeman was the owner of a quantity of goods which had been attached on a debt amounting, as was supposed, to about $800 ; that, between the time of said attachment and the date of the note in question, the defendant, Benjamin D. Utter of Whitehall, and Isaac Bishop of Granville, had severally become creditors of said Freeman, or were holden for him, as his sureties, each for a considerable amount, and more in the whole than the value of the goods, after satisfying the attachment aforesaid ; that they entered into an arrangement with Freeman, under which they caused said goods to be receipted to the officer, who had attached them, and took from Freeman an assignment of the goods, and were to put them into the hands of Charles Whiting, an auctioneer, to sell, and take notes payable at three and six months from the respective purchasers ; which notes were to be lodged in the hands of the plaintiff for collection ; and the avails were to be subject to the joint order and controul of said *Burton,* Utter and Bishop, but not of either or any two of them ; that accordingly the goods were put into the hands of Whiting, who sold them at auction, taking notes from the purchasers according to the stipulation aforesaid ; that, on the said 24th day of August, 1829, the defendant purchased goods at the auction aforesaid, to the amount of $499,16, for which the note in question was given ; and that Whiting, according to the stipulation, aforesaid, afterwards lodged the note in question, with the other notes taken as aforesaid, in the hands of the plaintiff for collection.

A written contract of assignment from Freeman to the defendant, Utter and Bishop, and a written memorandum or agreement relative to the disposition of said goods, and the avails thereof, were read in evidence. The court directed a verdict for the defendant ; to which direction the plaintiff excepted, and removed the cause to this Court, and prayed for a new trial.

FRANKLIN,
January,
1831.

Smith
vs.
Burton.

*Argument on behalf of plaintiff.*—The *bona fide* holder of a note, payable to bearer, may maintain an action in his own name on the note, though the beneficial interest may be in a third person.—*Bayley on bills*, 18, 211 ; *Little* vs. *O'Brien*, 9 *Mass. Rep.* 423. And it is no defence to the note, that the defendant jointly with others, has the beneficial or equitable interest.—*Van Ness* vs. *Forrest*, 8 *Cranch*, 30.

In this case, the plaintiff has the legal interest in the note, and is trustee for Bishop, Utter and the defendant ; and the *cestui que trust* cannot, in a court of law, set up his equitable interest against even his own trustee, to defeat the action.

*Argument for the defendant.*—The defendant contends, that the facts contained in this case constitute the defendant, Benjamin D. Utter, and Isaac Bishop, co-partners of the goods, mentioned in the bill of assignment from Jedediah Freeman. If so, it must follow, that this action cannot be sustained. The note, it appears, was given by the defendant for the purchase, at an auction sale, of the same goods, previously assigned by Freeman, and of which the defendant was joint owner. Hence, the defendant, Utter and Bishop, have a joint interest in the note in question. The circumstance, that the defendant executed a note for the amount of the goods purchased, cannot vary the rights, or alter the relation, of the defendant, Utter and Bishop, with each other, from what it would have been had not the defendant executed the note in question. If so, the suit on the note in question must be viewed in the same light, and governed by the same principles, as a general action of *assumpsit* in favor of Bishop and Utter and *Burton* for goods sold and delivered. That the latter action could not be sustained, is well settled by the authorities; that is, one man cannot be both plaintiff and defendant in a suit. This note being payable to bearer, the first inquiry is, who is meant by the word bearer? and for whose property the note was given ? And the answer is, for *Burton*, Bishop and Utter ; therefore, it was only an acknowledgement of one of the partners that, to the amount of the note, he has property in his hands belonging to the firm, for which he must account on a final settlement of the partnership concerns.

If the word bearer means *Burton*, Bishop and Utter, can they assign the note, or can either one or two of the firm assign the note, so that a suit can be sustained against the other partner on the note ? We think not. But this case is still stronger ; for the

suit is brought in the name of the plaintiff, not for his benefit as assignee of this note, but for the joint benefit of *Burton*, Bishop and Utter; and the avails, if collected, cannot be controlled by either two of the parties; but are only subject to the control of all three.

It is a settled principle, that one partner cannot maintain an action of assumpsit against the other, for any partnership concern, until a settlement, and an absolute promise of one to pay the balance due to the other.—*Casey et al. assignees of Nixon* vs. *Brush*, 2 *Caines' Rep.* 293; *Wetmore et al.* vs. *Boker et al.* 9 *Johns. R.* 307; *Murray* vs. *Bogart et al.* 14 *Johns. R.* 318; *Holsted et al.* vs. *Schimelzel*, 17 *Johns. R.* 80; *Robson* vs. *Curtis*, 1 *Stark. R.* 78; *Beach* vs. *Hotchkiss*, 2 *Conn. R.* 425; *Ozeas* vs. *Johnson*, 4 *Dallas*, 434; *Holmes* vs. *Higgins*, 1 *Barn. and Cres.* 74; 1 *Mont. Part.* 51, *note*; 3 *Stark. Ev.* 1082; *Beach* vs. *Hotchkiss*. 2 *Conn. R.* 697; 1 *Wash. C. C. R.* 415.

It is also a settled principle, that, where there are three partners in a firm, the partnership concern can only be settled in a court of chancery; a court of law not having competent authority.—2 *Con. R.* 425, 697, *Beech* vs. *Hotchkiss*; *C. C. R.* 415.

When A is a partner in two firms, a suit will not lie in favor of one of the firms against the other.—*Mont. Part.* 53; 6 *Taunt.* 598; 2 *Mont.* 319, *B* * * * * vs. *Ray*; 1 *Chitty's Pl.* 27, 28; 2 *B. & P.* 120, *Mainwaring et al.* vs. *Newman*.

HUTCHINSON, C. J., after stating the case, pronounced the opinion of the Court.—The only question presented by the case before us is, whether an action at law is the proper remedy, or whether the party having an interest must resort to the equity side of this Court. If the object of this suit was to recover any balance due among the partners, or the recovery depended upon there being a balance due from one partner to another, or to two of the three, from one of them, this action could not be supported. As applicable to such a case, the defendant's authorities are conclusive.

It seems that these three partners understood this law, and carefully guarded against its embarrassing effects, in the collection of the notes that might be taken for the goods sold at auction. They agreed, that all the notes, given for the goods of their common debtor, Jedediah Freeman, should be made payable to bearer, and that *John Smith*, the plaintiff, should be the bearer, to collect for their common benefit; neither of them having any right to intermeddle, till all called upon *Smith* to share the avails. Should they disagree about dividing the avails, when collected

FRANKLIN,
January,
1831.

Smith
vs.
Burton.

by *Smith*, that would call for the interference of a court of chan·
cery.    But there is no necessity of this in making these collections.
This case is substantially as it would have been, if the notes had
been made payable to *John Smith* by name.    The parties, by
their agreement, have made him their trustee, and given him the
legal right to recover this money.    The case cited from *Cranch's
Reports*, by the plaintiff's counsel, is full in point.    This stands a
legal demand in favor of the plaintiff, and against the defendant ;
and, if the defendant chose to become a purchaser of the goods,
and give such a note as other purchasers gave, he and they must
alike pay the money into the hands of the plaintiff, ready to be
divided according to the agreement of those concerned.

The judgement of the county court is reversed, and a new tri-
al is granted.

*Smalley & Adams*, for plaintiff.
*Hunt & Beardsley*, for defendant.