ORLEANS COUNTY,

MARCH TERM, 1838.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
"    STEPHEN ROYCE,
"    JACOB COLLAMER,    } *Assistant Justices.*
"    ISAAC F. REDFIELD.

LYDIA BAXTER, Administratrix of WILLIAM BAXTER *v.*
D. A. A. BUCK.

In an action brought by an administrator to recover a debt due the estate, the heir is not a witness on his releasing his interest in the debt, the administrator, also, should release him from cost.

Where an agent, authorized to settle a debt due the estate, takes a note to the administrator for the principal sum due, and one to himself for usurious interest, the first note is not void, unless the administrator knew of the usury and assented to it.

An administrator, in his representative capacity, may maintain an action as bearer, on a note payable to the intestate or bearer, although such note was not delivered until after the death of the intestate. *Quære,* whether he could declare on such note as one given and payable to the intestate.

THIS was an action of assumpsit. The plaintiff declared against the defendant and one Elijah G. Bingham, who was without this state and upom whom no service was made, upon a promissory note for $250, dated March, 9, 1827, signed by the said Bingham and defendant and payable to

William Baxter, (the intestate) or bearer, on demand with interest.

ORLEANS,
*March,*
1838.

Baxter, admx.
of Baxter
*v.*
Buck.

Plea—*non assumpsit* and issue to the country.

The plaintiff, in support of the issue, on her part, offered the deposition of Portus Baxter, a son of the intestate, and one of the heirs to his estate, which was objected to by the defendant, on the ground of deponent's interest in the event of the suit. To obviate the objection, the plaintiff produced a release, from said Portus Baxter, of all his interest in said suit, as heir to said William Baxter. The defendant objected to the sufficiency of said release, but the county court overruled the objection and the deposition, containing testimony, material to the plaintiff's right of recovery, was admitted.

The defendant then introduced the deposition of said Bingham, after having first released him from his liability to the defendant, growing out of said note, who deposed that in March, 1827, and during the lifetime of the intestate, he was indebted to the intestate in the sum of $250, specified in a note dated in the year 1823;—that, having occasion for a loan of money, he applied to defendant to sign a note with him, to enable him to raise the further sum of $250;—that, upon such application, the defendant and deponent signed the note in suit; that while said note remained in deponent's possession, and before any negotiation or delivery of it to any person, the intestate died; that said note was not obtained in consequence of any understanding between deponent and said intestate and that the latter did not know of its existence.

The deponent further testified that, after the death of the intestate, Portus Baxter, as the agent of the plaintiff, presented for payment the note dated in 1823; and upon that occasion the last mentioned note was given up by said Portus Baxter to the deponent, and the note in suit was delivered to said Portus, and at the same time the deponent gave said Portus his, (deponent's) individual note for the interest on the note dated in 1823, which was computed at six per cent per annum, up to June, 1828, and including also the interest on the joint note in suit, and that this arrangement was made in consequence of a previous agreement between the deponent and said Portus, that the deponent might have longer

ORLEANS,
March,
1838.

Baxter, admx.
of Baxter
v.
Buck.

day of payment if he would pay twelve per cent interest upon the debt, and that in consequence of such agreement and arrangement the payment of the note in suit was delayed until the deponent, who was solvent at the time of such arrangement, became wholly insolvent and unable to pay said note.

The deponent further testified that the defendant never had any interest in the note in suit, except as surety for the deponent, and that this fact was known to the contracting parties, and that the defendant did not know that the note in suit was to be substituted for the previous note of 1823.

The county court charged the jury ;—

That, although the intestate never knew of the existence of said note, nor had the same, in any sense, been delivered in his lifetime, yet if it was, after the death of said Baxter, substituted for the note of $250, made in 1823, the plaintiff, as administratrix, might recover in this suit ;—

That computing the interest on the note of $250, of 1823, and the interest on the note declared upon, from its date, to the time of the delivery, in June, 1828, and the said Bingham giving his note to said Portus therefor, although done at the time, and although but one transaction, did not render said note void, as usurious, and the plaintiff might recover ;—

That giving time and day of payment to said Bingham on said note, until said Bingham become insolvent, as testified to in said Bingham's deposition, did not discharge the defendant, and that plaintiff might recover.

The jury returned a verdict for the plaintiff, and the defendant excepted to the charge of the conrt and the admis of P. Baxter's deposition.

*T. Bartlett* and *J. Mattocks* for defendant.

1st. Portus Baxter's deposition should have been rejected by the County Court, on the ground that he had such an interest in the note now in controversy, as rendered him incapable of releasing his interest. For aught that appears, Portus Baxter will ultimately be liable for costs in the prosecution of this suit ; at least, in case the defendant should recover, the cost must be paid from the assets in the hands of the administratrix, which will lessen the property to which said Portus Baxter is heir.

2d. The delivery of the note in the life-time of the intestate was essential to its validity. Wm. Baxter, at the time of his decease, had no interest in the note in question, either in possession or in action. And the administratrix is the representative of Wm. Baxter, having the same property in his goods as he had when living, and the same remedies to recover them and not greater property or different remedies.

3d. The manner of computing the interest on the note of 1823, and on the note now in suit, rendered the note usurious and void. The principle has long been settled that if several securities be given on a usurious contract;—for example, if the principal loaned be included in one and the interest in another, each security is liable to be avoided as forming but a part and parcel of the entire contract. (*Jones* v. *Whitney*, 11 Mass. Rep. 74. *Maine Bank* v. *Butts*, 9 Mass. Rep. 49. *Bridge et. al.* v. *Hubbard*, 15 Mass. Rep. 98. See also, 1 Swift's Digest, 316, 317.

The extension of the time of payment granted to Bingham, without the knowledge or consent of the defendant, discharged the latter from his liability upon the note. 3 Binney's Rep. 520. 2 Saund. Pl. and Ev. 62. 3 Stark. Ev. 1390. *People* v. *Janson*, 7 Johns. Rep 382. 13 Petersdorff's Abr. 549. 10 Johns. Rep. 576. 2 Bos. & Pul. 61. 1 Bos. & Pul. 422.

*E. Paddock* and *Maeck & Smalley*, for plaintiffs.

1. The defendant contends that the plaintiff could not sustain the action in her representative capacity. The note, though never delivered to the testator in his life time, was received by the administratrix, in lieu of a note belonging to the estate. It was assets belonging to the estate given up on the receipt of this note, which formed the consideration of it. The avails when collected will be assets belonging to the estate. The authorities settle the question that the plaintiff might have prosecuted either in her own right or her representative character. (Chitty's p. 13—15. *Webster* v. *Woodyer*, 5 C. L. 316. 6 East. 405. *Brassington and others* v. *Aul*, 9 C. L. 369. *Mowrey* v. *Adams*, 14 Mass. 327. *Willard* v. *Nason*, 5 Mass. 240. *Newell* v. *Marcy* 17 Mass. 341. *Sumner* v. *Williams, et. al.* 8 Mass. 190. *Petrie* v. *Hannay* 3 T. R. 659. *Cockerill* v. *Kynaston*, 4 Term 281. *Shipman* v. *Thompson*, Willes' Rep, 103, *King and others* v. *Thom.* 1 Term 487.

ORLEANS,
*March,*
1838.

Baxter, admx.
of Baxter
*v.*
Buck.

ORLEANS,
*March*,
1838.

Baxter, admx.
of Baxter
*v.*
Buck.

2d. When notes are made payble to a person or bearer, any person who lawfully comes in possession of them may enforce their collection. *Grant* v. *Vaughan*, 3Burr. 1516. *Matthews* v. *Hall.* 1 Vt. 316.

II. We insist that the charge of the Court upon the usury, which forms the second exception, was correct. To constitute usury so as to avoid the security there must be either a direct loan, and an agreement to pay more than legal interest for the forbearance, or some deceit contrived for the purpose of concealing the appearance of a loan and forbearance, when in truth it was such. (*Loyd*, *Qui tam* v. *Williams*, 3 Wilson 261. *Barclay* v. *Walmesley*, 4 East. 57. *Gilpin* v. *Enderbey*, 7 C. L. 314. *Bank of Utica*, v. *Wager*, 2 Cow. 712.

2d. The corrupt agreement must exist at the time of the loan and forbearance. But here the loan had been actually made long previously to what the defendant calls the corrupt agreement. *Tate* v. *Wellings*, 3 Term. 531. *Gardner* v. *Flagg*, 8 Mass. 101. *Thompson* v. *Woodbridge*, 8 Mass. 256. 4 Esp. 11. *Gaither* v. *F. & M. Bank*, *Georgetown*, 1 Peters 37—43. 1 H. Black. 462.)

When a contract is susceptible of two constructions, one of which will bring it within and the other without the statute of usury, the latter construction should be adopted. (*Archibald* v. *Thomas*, 3 Cow. 284.)

2d. This note was given solely for an original and valid debt against Bingham ; and though illegal interest may have been paid on a previous note, it will form no defence to this. (*Chadbourn* v. *Watts*, 10 Mass. 122. Bayley on Bills, 569, and cases cited in note.)

4th. It does not appear that the plaintiff ever authorized P. Baxter to take any extra interest, or ever had any knowledge of his taking any. He was the agent of the plaintiff to receive pay and take security for the first note, and no further. He could not make an illegal contract that would affect her rights.

III. There was no contract with Bingham for delay, that will release the surety. Time given to the principal that will discharge the surety, must be founded on a contract of that character, that until the expiration of the extended time, the

creditor cannot sue for the debt.   Holt's Rep. 84.   *Mont-*
*pelier Bank* v. *Dixon,* 4 Vt. 599.

2d.   The agreement to give time, if sufficient in its tenor,
was made without the knowledge or assent of the plaintiff,
and in fraud of her rights ; therefore she was not bound by it.

3d.   The consideration of the agreement being the note
for extra interest, which could  not be collected, the agree=
ment was void.

IV.  The release shows the witness  was legally purged of
all interest before he testified, and  whether his evidence had
reference to the  note  in question or not, was wholly for the
jury to determine.   *Dupy, Qui Tam* v. *Wickwire,*  1 D,
Chip. 237,

The opinion of the Court was delivered by

WILLIAMS, C. J.—In this case the court are all agreed that
the deposition of Portus Baxter was inadmissible. Although
his interest in the note was released by him, yet, if the plain=
tiff failed, the cost of prosecuting the suit, as well as the
cost which would be paid to the defendant, would constitute
a good charge against the estate of Wm. Baxter, and
would, in the end, be paid by the heirs.  To make him a wit=
ness it was necessary, in addition to the release executed by
him, that the plaintiff should have discharged him from all
claim for cost.  As the case will be remanded for trial, it
may be proper to decide the other points, which have been
argued.

We do not discover that there was such an agree=
ment to delay or give time to the principal, as would dis=
charge the surety.  The evidence does not disclose a case
within the principle repeatedly decided, where the sureties
are discharged by giving time to the debtor.

On the question of usury it appears to us extremely doubt=
ful whether the testimony of Bingham establishes the fact,
that interest on both notes was included, or that any thing
more than lawful interest was reserved, but if it was other-
wise the note for the usurious interest was taken by Portus
Baxter, without the consent or knowledge of the plaintiff,
and, inasmuch as there was a *bona fide* indebtedness to the
estate, of which the plaintiff was administratrix, and the note,
received by the plaintiff, was only for the just amount due,

ORLEANS,
March,
1838.

Baxter, admx.
of Baxter
v.
Buck.

the note in suit would not be void, if Portus Baxter, without her consent, received a note to himself for any further sum.

On the other question, whether the plaintiff can maintain this action, declaring as on a note payable to the intestate, the court are not agreed, and must leave it undecided, although we are all agreed that she might maintain an action on the note, in her character as administratrix, declaring on it as a note payable to bearer. It is assets in her hands, and, as such, if she parted with funds belonging to the estate, and received this note therefor, she may as bearer recover thereon, declaring in her representative capacity. Whether the plaintiff will venture to sustain the present declaration, or by an amendment obviate the difficulty alluded to, is for her to determine.

The judgment of the county court must be reversed, for the cause first mentioned.