#### FOR THE

## COUNTY OF ORLEANS.

### APRIL TERM, 1845.

#### PRESENT.

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. STEPHEN ROYCE, } Assistant Judges.
Hon. ISAAC F. REDFIELD, }

---

NORMAN BOARDMAN *v.* FRANCIS ROGER, WILLIAM BROWN AND NATHAN KELTON.

A mere trustee may sustain an action as bearer of a promissory note, made payable to a person specified or bearer, for the benefit of the owner, by his consent.

And such action may be sustained by one, as bearer, by direction of the legal owner of the note, though the note may never have been delivered to the person to whom it is made payable, and though his name may have been used as payee without his consent.

An officer, who takes from the receiptor of property attached a note, in satisfaction of the receiptor's liability for having permitted the property to be wasted, in the absence of all authority from the creditor so to do, becomes himself the absolute owner of such note.

And if such note be sued in the name of a mere trustee, for the benefit of the officer, the officer, by an absolute and unconditional conveyance of his interest in the note to such trustee, taking back from the trustee a release from all liability on account of the suit, although such conveyance and release are wholly without consideration, is so divested of interest in the suit, as to become a competent witness for the plaintiff.

ASSUMPSIT upon a promissory note, payable to George C. West, or bearer. Plea, the general issue, and trial by the court.

On trial, the plaintiff proved the execution, by the defendants, of the note declared upon. From the evidence introduced by the defendants it appeared that one Thomas McKnight, a deputy sheriff, sometime in the year 1842, attached the personal property of one Joseph Riker, upon a writ of attachment in favor of David A. Smalley, and took the receipt of the defendant Roger for said property; that judgment was obtained against Riker in said suit, and execution thereon was delivered to said McKnight, as deputy sheriff, in due season to perfect the lien created by the said attachment upon said property; that said property was, in the mean time, wasted, or eloigned, and Riker was unable to pay said execution, which was permitted to run out in the hands of McKnight, he having seasonably demanded the said property of Roger; that the note now in suit was thereupon made, for the purpose of raising money to pay said execution and one or two smaller executions against Roger, for which McKnight had become liable as deputy sheriff; that the note was made and signed without the knowledge of West, the payee, with an expectation that he would advance the money upon it,—but it did not appear that the note was ever presented to him for that purpose; and that the note was delivered by Roger to McKnight soon after its date, and was held by him until it became payable, and, within a very few days thereafter, was delivered by him to the plaintiff for collection, with directions that the plaintiff should apply the money, when collected, in payment of the several executions above mentioned.

The plaintiff, in the progress of the trial, called the said Thomas McKnight as a witness,—to whose admission the defendants objected, upon the ground of interest in the event of the cause. The plaintiff thereupon exhibited an assignment from McKnight to himself of all the interest of said McKnight in the note in suit, and

McKnight exhibited a release from the plaintiff to himself of all
obligation which he was under to indemnify the plaintiff against the
costs and expenses of this suit. It appeared that the said assign-
ment and release were executed without any thing being paid, or
received, as a consideration therefor. The court then overruled
the objection and admitted the witness, and he testified to facts ma-
terial in the case.

Judgment was rendered for the plaintiff. Exceptions by de-
fendants.

*J. Cooper* for defendants.

1. If common principles are correct, then the neglect of
McKnight to return the execution against Riker, and account for
the property attached on the writ, rendered his principal, the sheriff,
liable for the amount of the execution, and of course made
McKnight liable over to him for his neglect. This note was, by
McKnight, placed in the hands of the plaintiff, in trust, to be by him
collected and paid over to this and the other execution creditors,
in discharge of this liability. If the note is collected, then Mc-
Knight will be discharged, when the trustee has done his duty. If
the note is not collected, then McKnight still remains liable. The
discharge from the plaintiff to McKnight did not discharge, nor
assume to discharge, this liability. The plaintiff had no power to
discharge it; he could only give an indemnity against it. The
assignment from McKnight to the plaintiff did not discharge this
liability. He only assigned his interest; and that was nothing; for
the case shows that the plaintiff was never to pay or account for the
note to McKnight, but to other persons. Neither does this assign-
ment excuse the plaintiff from accounting for this note, if collected,
to the persons with whom he agreed to account, when he received
the note. If the execution debtors were to pay the executions to
the creditors, and procure their discharge, could this plaintiff then
recover? It is only upon the ground that he is trustee for others,
that he can claim to recover; for it is only in that view that there
would be any possible consideration for the note.

On the small executions McKnight was clearly liable, as the case
shows; and he is interested thus far, without dispute. If the wit-
ness has an interest, the amount is of no importance. 1 Sw. Dig.
740. 2 Stark. Ev. 744, 746, 750.

Boardman *v.* Roger et al.

2. The only remaining question is, whether there was ever such a delivery of the note to West, and acceptance by him, as will entitle this plaintiff, or any other person, to recover on the note. We apprehend that this case is distinguishable from that of *Baxter* v. *Buck*, 10 Vt. 548. In that case the representatative of the payee accepted the note, and gave a good consideration for it. In this case neither West, nor any other person on his behalf, has ever accepted the note.

*N. Boardman* and *H. P. Smith* for plaintiff.

1. It would seem that a note, payable to A. B. or bearer, is the same as if payable to A. B. *or* C. D., and, if so, no reason can be assigned why the bearer cannot as well maintain his action without a delivery to A. B., as with. *Grant* v. *Vaughan*, 3 Burr. 1516. *Matthews* v. *Hall*, 1 Vt. 323. *Baxter* v. *Buck*, 10 Vt. 553.

The note in question took effect upon delivery to McKnight. It was made and delivered to him unconditionally. He might have maintained an action thereon in his own name, as bearer, when the same became due, and as well may the plaintiff, to whom the same has been *delivered* and assigned. And the plaintiff might even have sustained an action in the name of West, had the note not been negotiable. *Thrall* v. *Benedict et al.*, 13 Vt. 248. *Bank of Burlington* v. *Beach*, 1 Aik. 62. *Baxter* v. *Buck*, 10 Vt. 553.

2. It is apparent, that the note in suit was made and delivered to McKnight as his property, and for his sole benefit. He accepted it for his own security. It was taken without the consent, or knowledge, of the creditors in the executions referred to. McKnight was not their agent for this purpose, and he did not assume to act as such. Consequently he had the right to dispose of the note in any manner he chose. It is true his interest related both to the subject matter in dispute, and to the payment of costs; but the *release* and *assignment* purged him of all such interest. And these instruments having been executed under seal, it makes no difference whether any consideration actually passed between the plaintiff and McKnight, or not. *Willing et al.* v. *Consequa*, 1 Pet. R. 307. *Baxter* v. *Buck*, 10 Vt. 553. *Moore* v. *Rich*, 12 Vt. 563, and the cases there cited. *Chase et al.* v. *Burnham et al.*, 13 Vt. 447.

Abbott *v.* Cobb.

The opinion of the court was delivered by

REDFIELD, J. Of the right of a mere trustee, by the consent of the one beneficially interested, to sustain an action, in his own name, upon a promissory note payable to bearer, for the benefit of the real owner, there can be no doubt. *Smith* v. *Burton*, 3 Vt. 233. *Bank of Burlington* v. *Beach*, 1 Aik. 62. *Baxter* v. *Buck*, 10 Vt. 548.

We do not see, why this note was not the absolute property of McKnight. He was not the agent, or trustee, of the creditors, for the purpose of taking the note. So far from that, the officer had no right, except at his own peril, to take any such note. It is not impossible, that, in case of the utter insolvency of the sheriff, and the creditors having no other remedy, they might, in a court of equity, reach this note; but even this is questionable. They certainly could not control the note, short of showing a case of insolvency and fraud,—neither of which appear in the present case.

That being the case, McKnight might divest himself of all interest in the note, by an absolute gift to the plaintiff, if he saw fit.

Judgment affirmed.