SAMUEL FLETCHER AND CHAUNCY LYON v. HANNIBAL·A. FLETCHER.

*Possession of note payable to bearer. Guardian and ward. Appeal from an appointment of an administrator.*

The actual possession of a note payable to A. B. or bearer is *prima facie* evidence that the holder has that legal interest in it which will entitle him to maintain an action upon it in his own name. But this may be rebutted by showing that he is wrongfully in possession, or has no real right or title to it.

A note taken by a guardian upon a loan of money belonging to his ward, and made payable to the ward or bearer, may be retained by the guardian as his own property, or be legally transferred by him to a third person; and the amount of it be otherwise accounted for, or the guardian become a debtor for it to his ward.

An appeal from the appointment of an administrator does not wholly vacate the appointment, but suspends it during the pendency of the appeal, and if the appeal is discontinued the suspension ceases.

ASSUMPSIT on a promissory note; plea, the general issue; trial by the court, March Term, 1856, — PECK, J., presiding.

The plaintiffs introduced the note counted upon, which was dated February 21, 1850, signed by the defendant, and made payable to Thomas Fletcher or bearer, two years from date with interest. The defendant claimed that the action could not be maintained in the name of the plaintiffs, and introduced evidence from which the following facts appeared.

Thomas Fletcher at the time of the execution of the note, and subsequently to the time of his death was insane, and Henry S. Morse and Samuel Fletcher, during all that time, were his guardians duly appointed, and this note was given for money of the said Thomas Fletcher, loaned by said guardians, Samuel Fletcher having transacted the business. Before the commencement of this suit Thomas Fletcher died, and the plaintiffs were appointed administrators of his estate on the 14th of August, 1855. On the 15th of August, 1855, Hannibal A. Fletcher and others interested in said Thomas Fletcher's estate, appealed from the decision of the probate court appointing the plaintiffs' administrators, but on the 17th of October, 1855, they filed a paper in the probate office withdrawing their appeal, which was never entered in the county court. The plaintiffs from the time of their appointment as administrators, acted as such and conducted and managed the

estate of the intestate, and were recognized as such administrators by the probate court, and no other administrator was ever appointed; there were no debts against the intestate's estate, and immediately after the death of the said Thomas Fletcher, and the appointment of the plaintiffs as administrators, the guardians handed the note in question to the plaintiffs, and told them to receive and collect it; and they therefore commenced the present suit on the 21st of September, 1855; after which time the guardians settled their guardian account in the probate court, and charged this note to the estate of the ward. This account was contested by Hannibal A. Fletcher, but said note among other things was allowed, and the said Hannibal A. Fletcher appealed, which appeal is still pending.

Upon these facts the court decided that the plaintiffs recover the amount of the note and interest. Exceptions by the defendant.

*Weston & Shaw*, for the defendant.

I. The guardians had no power to act as such after the ward's death. They could only settle their guardian account, and pass the assets in their hands to the legal administrators of Thomas Fletcher's estate. Their office of guardians having terminated at the death of the ward, they had no power to sue the note, nor could they confer any upon the plaintiffs.

II. The statute relating to appeals from judgments of justices of the peace provides that, if the appellant shall neglect to enter his appeal in the county court, the adverse party may enter it and have the judgment affirmed; Comp. Stat. 222, sec. 20. A similar provision is made for the affirmance of judgments or decrees of probate courts by the county courts; Comp. Stat. 324, sec. 35. An appeal from the judgment of a justice of the peace vacates the judgment; *Fletcher* v.*Blair et al.*, 20 Vt. 124; *Smith* v. *Fisher*, 17 Vt. 117. So an appeal from the decision of commissioners allowing a claim against an estate, vacates the judgment; *Probate Court* v. *Rogers et al.*, 7 Vt. 198; *Allen, Adm'r* v. *Rice*, 22 Vt. 333. So also an appeal from an appointment of an administrator by a probate court, vacates the appointment, and suspends the power of the administrator; *Arnold* v. *Sabin*, 4 Cush. (Mass.) Rep. 46. The fact that the appellants withdrew their appeal cannot have the

effect of restoring the judgment or decree of the probate court appointing the plaintiffs administrators, nor can the fact that the probate court after the appeal was taken, recognized the plaintiffs as administrators of the estate of Thomas Fletcher make them such if the appeal vacated their appointment.

III. The note being payable to bearer would enable any holder for value to sue it as bearer. But the plaintiffs paid no value for it, nor did they receive it in the due course of business; but in receiving it, their office of administrator being vacated by the appeal, they received it as trustees merely for the purpose of delivering it to a legal administrator when appointed, and for no other purpose; and until the decree of the probate court appointing them administrators should be affirmed, they could neither sue the note themselves, nor authorize another to sue it.

*E. R. Hard* and *L. Underwood*, for the plaintiff.

Samuel Fletcher and H. S. Morse, as guardians of Thomas Fletcher, loaned money and took the note in question, payable to themselves or bearer. It then became their duty to collect it, and they are liable to account for it. They could sue it in their own name or ask any other person to sue it; *Smith* v. *Burton*, 3 Vt. 233; *Baxter* v. *Buck*, 10 Vt. 548; *Boardman* v. *Rogers et als.*, 17 Vt. 589; *Hackett* v. *Kendall*, 23 Vt. 276.

The plaintiffs were appointed administrators of the estate of Thomas Fletcher, and the defendant cannot object to their recovery upon the ground that an appeal was taken, as he withdrew it before the trial. The appeal did not vacate the appointment; *State* v. *McKown*, 21 Vt. 503; *Small* v. *Haskins et als.*, 26 Vt. 218.

The opinion of the court was delivered by

Isham, J. The note on which this action is brought is made payable to Thomas Fletcher or bearer. Its consideration was money loaned to the defendant by Messrs. Scott & Fletcher as guardians of Thomas Fletcher. The actual possession of this note by the plaintiffs is evidence of their title, and of their having that legal interest which will enable them to sustain this action in their names. The note being payable to bearer is transferable by delivery, and by such transfer the legal interest passes the same,

*prima facie* at least, as if the note had been indorsed by the payee; *Boardman* v. *Rogers*, 17 Vt. 589. It is insisted, however, that the plaintiffs are wrongfully in the possession of this note; that Messrs. Scott & Fletcher had no right to the note themselves, and consequently could transfer none to the plaintiffs. We have no doubt that the principle is well settled, that a note transferred by delivery or indorsement passes no title or interest if the person making the transfer had himself no title or property in the note; and particularly is this true, if the indorsee or person to whom it is delivered, knew that the person making the transfer had no right or interest in it; Byles on Bills, 61, 125; *Marston* v. *Allen*, 8 Mes. & Wels. 494; *Mead* v. *Young*, 4 Term. 28. To defeat the title of a holder of a note, however, when payable to bearer, it must appear that the holder is a party to the wrong by which it comes into his hands, or that he has been guilty of such negligence as amounts to constructive fraud; 1 Parsons on Cont. 213; *Wheeler* v. *Guild*, 20 Pick. 545; *Goodman* v. *Harvey*, 4 Adol. & E. 870; *Uther* v. *Rich*, 10 Ad. & El. 784. On the question as to the right of these plaintiffs to this note, and their right to sustain this action, it may be observed that the defendant does not pretend but that he justly owes the amount, and that he should pay it to some one. It is quite immaterial to him, therefore, to whom the note is paid, or who recovers upon it, provided when it is paid or a recovery had, it will bar any further claim on the note by others. To that extent it is competent for the defendant to contest the title of the plaintiffs to the note, and their right to sue upon it; but to no greater extent, and for no other purpose, does the question become material in a suit against the maker.

The note in this case was transferred by delivery to the plaintiffs by the guardians of Thomas Fletcher, with directions to collect the same for the benefit of his estate. We have no doubt as to the right of the guardians to transfer this note in that manner; and for that purpose it is quite immaterial whether the delivery or transfer was made before or after the death of Thomas Fletcher. It is true that their power as guardians ceased on the death of their ward; but it does not follow that that event determined their right and interest in this note which they had taken, and for the amount of which they were responsible on the settlement of their

account as guardians.   The note would probably be evidence that its consideration proceeded from the estate of Thomas Fletcher. But as the note was given during their guardianship, it was competent for them to consider themselves as debtors for that amount to their ward or to his estate, and to retain the note as their own and as having the legal title and interest in it.   The same principle applies to executors and administrators when notes are given to them during their administration of the estate.   The guardians were under no obligations to deliver over that note to the estate of their ward, as they were at liberty to otherwise settle the amount due from them as guardians.   They had the right, before its delivery to the plaintiffs, to release or transfer the note to any person, and could have sustained an action upon it in their own names as bearers, without making any reference to their relation as guardians.   The principle would be the same if the note had been payable to them or bearer as guardians.   They could in such case have treated the note as if payable to themselves, and have prosecuted it in their own names and in their own right.   That right by the transfer and delivery of this note, has passed to the plaintiffs ; and had they paid a consideration for it, they could have recovered the note for their personal use and benefit; but not having paid such consideration they can recover as trustees for those who are beneficially interested in its avails.   Independent, therefore, of any question arising from the action of the probate court appointing the plaintiffs administrators on the estate of Thomas Fletcher, we think the plaintiffs have that title and legal· interest in this note which will enable them to sustain this action.

We think, also, the plaintiffs have a good title to this note as administrators on the estate of Thomas Fletcher, and the right to sue for and receive its avails as trustees of that estate.   It appears that they were appointed and commissioned as such administrators on the 15th of August, 1855 ; and for the benefit of that estate the note was handed to them for collection.   The appeal taken from that decree of the probate court appointing them administrators, suspended their power to act as such administrators during the pendency of that appeal.   If anything was required to be done for that estate during the prosecution of that appeal, it was within the power and duty of the probate court to appoint an

administrator *pendente lite ;* Comp. Stat. 336, sec. 6; *Arnold* v. *Sabin*, 4 Cushing 46. But the power of such an administrator would cease when the appeal was determined. If the appeal was entered in the appellate court by the party appealing, the action of the appellate court would possibly be necessary in affirming the decree of the probate court in their appointment of administrators, or it may be affirmed at the instance of the appellee; Comp. Stat. 222, sec. 20. But if the appeal was not entered in that court, and for that reason has become discontinued, so that no further prosecution of it can be made, the appointment of administrators from which that appeal was taken is no longer suspended. That appeal did not vacate the decree of the probate court, for the jurisdiction of the probate court in the settlement of that estate was not thereby removed; it was merely a suspension of that decree and of the powers of the administrators under it during its prosecution; and when that appeal was discontinued, and there was no reversal of that order of the probate court, that suspension of the decree ceased also, and the right and power of the administrators revived under their letters of administration, and has effect from the time of their appointment by the probate court; *Curtis* v. *Beardsly*, 15 Conn. 522. Whether this appeal for the want of notice, was ever so perfected as to even suspend the order of that court, we are not called upon to determine, for to give that appeal its full effect, we think, by its subsequent discontinuance the rights and powers of these administrators are perfected. As such administrators they have a good title to this note, and as the legal bearers of it they can prosecute it in their own names, for the benefit of the estate.

The judgment of the county court must be affirmed.