THOMAS H. DUNHAM *vs.* JOSIAH DUNHAM & another, Executors.

A bond given by the executor upon the probate of a will in the probate court is not vacated, but only suspended in its operation, by a subsequent appeal from the probate of the will; and upon an affirmance of the same in this court, no new bond need be given by the executor.

APPEAL from an order of the probate court, dismissing a petition of an heir at law of Josiah Dunham, deceased, that the executors named in his will might be required to give bond for the performance of their trust.

The case was submitted to the decision of this court upon the following facts: The will was duly proved in the probate court on the 18th of May 1857, and on the same day the executors gave bond and received letters testamentary, and were ordered to give notice of their appointment, and immediately published the required notice, and entered upon and proceeded to act in the duties of their trust. On the 15th of June 1857 the petitioner appealed from the probate of the will, and duly entered his appeal in this court, which on the 8th of September 1857 affirmed the decree, and ordered the case to be remitted to the probate court for further proceedings. The executors never gave any other bond.

*J. G. Abbott & W. Dwight*, for the appellant.

*B. F. Thomas & G. F. Homer*, for the appellees.

METCALF, J.[*] The question in the present case is this: When a will is allowed by a decree of a judge of probate, and the executor gives bond, and an appeal is afterwards taken, and the decree is affirmed by this court, does the bond continue in force as if no appeal had been taken, or is it vacated and rendered void by the appeal, so that the executor has no legal authority to act as such until he has given a new bond? And the court are of opinion that the appeal does not make void the bond, but only suspends the operation thereof during the pendency of the appeal; that upon the affirmance of the decree allowing the

[*] This and the following cases were argued before BIGELOW, C. J., and METCALF, HOAR, and CHAPMAN, JJ.

will, and the remitting of the case to the judge of probate "for further proceedings," (Rev. Sts. c. 83, §§ 43, 44,) the obligation of the bond and the powers of the executor revive and have effect from the time of the first decree. Such is the law of the English ecclesiastical courts. *Franco* v. *Alvarenza*, 1 Lee, 659. *Blyth* v. *Blyth*, 1 Add. Eccl. 316. *Frankfort* v. *Frankfort*, 3 Notes of Cases, 435. Such also, we believe, is our own law.

There is a great difference between the effect of an appeal from the decision of a court of probate and an appeal from the judgment of other courts. An appeal from a justice of the peace or police court removes the cause itself, and transfers the jurisdiction thereof, and of the parties thereto, to the appellate court; and that court renders judgment therein, and enforces that judgment by its own process. And so it formerly was in cases of appeal from the court of common pleas to this court. But ever since the year 1693 it has been our statute law that an appeal from the probate court may be taken from any order, decree, sentence or denial of the judge. Anc. Chart. 253. *Sts.* 1783, *c.* 46, § 4; 1817, *c.* 190, § 7. Rev. Sts. *c.* 83, § 34. Gen. Sts. *c.* 117, § 8. And the judgment of the appellate court has been, and still is, only upon the order, &c., from which the appeal is taken, and has been and still is certified to the probate court, where further proceedings are had, or are stopped, as if the decision had been made by that court. The appeal gives no jurisdiction to the appellate court to proceed in the settlement of an estate, but only to reconsider the order, &c., appealed from; and its judgment is to be carried into effect by the probate court, whose jurisdiction over the cause and the parties is not taken away by the appeal. See *Curtiss* v. *Beardsley*, 15 Conn. 523; *Small* v. *Haskins*, 26 Verm. 218; *Fletcher* v. *Fletcher*, 29 Verm. 103.

The foregoing is the general, if not the universal, rule of law respecting appeals from courts of probate. If there are exceptions to that rule, they do not include the present case.

If an executor's bond be rendered void by an appeal taken (as in this case) within thirty days from the time of the decree allowing a will, it must also be rendered void by an appeal

allowed upon a petition filed at any time within two years next after the passing of the decree, by a party who was without the United States when it was passed; (Rev. Sts. *c.* 83, § 41; Gen. Sts. *c.* 117, § 13;) and thus all the intermediate acts of the executor, in the settlement of the testator's estate, be rendered void, although the decree appealed from be affirmed because it was right. A judgment that involves such consequences can be sustained only by some settled and inflexible law, of which we have no knowledge.

In deciding this case we have no reference to the *St.* of 1860, *c.* 189, which the appellees invoked to their aid, because, in our judgment, that statute neither confers nor purports to confer on them any rights or authority which they had not by pre-existing laws. *Order affirmed.*