SUTHERLAND VS GOFF, guardian.

*As to actions by a guardian.*

1. A guardian may sue in his own name, where he has the right of possession, or where the possession is injured:— But where the matter lies in action, the suit must be in the name of the ward.

2. Thus—a guardian cannot maintain assumpsit to recover the value of a slave, the property of the ward, who has been hired by such guardian to the defendant, and whose death, is alleged to have been caused by the negligence of the hirer.

3. And this, although a promise to pay, what an arbiter should determine, be alleged, as made.

In error to the County Court of Morgan county.

In this case, the plaintiff came, and said there was error in the proceedings and judgment of the Court below.

Because, 1st. Martha T. Goff, instead of her ward, was made plaintiff in the writ.

2. In the declaration also.

3. That the judgment was in her favor.

4. There was a misjoinder of counts, the first or two first, alleging a supposed cause of action in favor of the ward, and the last in her own right.

5. There was no cause of action stated in the declaration, as the defendant below was not first proceeded against at the suit of the State, and the action was brought before the cause of it arose.

And the defendant said there was no error, and when the record was produced, it appeared that

the defendant, on the seventh day of July, eighteen hundred and thirty-four, sued out a writ, against plaintiff, as follows :

"The State of Alabama: to the sheriff of Morgan county, greeting. You are commanded to take the body of John Sutherland, wherever he may be found in your county, and him safely keep, so that you have his body before the judge of our next County Court, to be held for the county of Morgan, at the court house, in the town of Sommerville, on the fourth Monday in July, instant, to answer Martha T. Goff, guardian of Eliza A. Goff, in a plea of trespass on the case in assumpsit, to her damage five hundred dollars. Herein fail not, and have then and there, this writ," &c.

This action is brought, to recover of the defendant, the sum of three hundred dollars, which he expressly undertook and promised to pay to the said plaintiff, guardian, &c.

At the July term of said Court, the plaintiff below, guardian, and next friend of Eliza A. Goff, (an infant under age,) complained of said John A. Sutherland, in custody, &c. of a plea of trespass on the case; for that whereas, theretofore, to wit, on the —— day of ——— eighteen hundred and thirty-four, to wit, at said county, the said defendant hired of the plaintiff, as guardian of the said infant, a certain negro girl slave name Sabre, about twelve years of age, the property of said infant, for the year eighteen hundred and thirty-four, for the sum of three hundred dollars, and by which contract of hiring, the said defendant undertook and agreed with the plaintiff, among other things, to

treat the slave with care, attention and humanity, and return her to the plaintiff at the end of the year; and whereas said slave was, by virtue of said contract, placed into the possession of the defendant, who was guilty of such gross negligence, want of care, attention and a proper degree of vigilance, while said negro was in his possession, that by reason thereof, and not from any natural and unavoidable cause, the said negro slave came to her death, to wit, on the —— day of ——— eighteen hundred and thirty-four, at said county: And whereas, afterwards, to wit, on the —— day of ———, eighteen hundred and thirty-four, at said county, the said defendant, in consideration of the premises, and of his liability to the plaintiff, by reason thereof, undertook and faithfully promised her, to pay for said negro, or for his liability as aforesaid, when he was thereafter requested, such sum of money, to the plaintiff, as the guardian of said infant, as one Isaac Lane, should determine to be the intrinsic value thereof, and the plaintiff avers, that the said Isaac Lane did afterwards, to wit, on the —— day of ——— eighteen hundred and thirty-four, to wit, at said county, determine and adjudge the said slave, to be of the value of three hundred dollars, of which defendant had due notice. And whereas, also afterwards, to wit, on the day and in the year, and in the county aforesaid, in consideration of the liability of the defendant to the plaintiff, on account of the defendant's gross negligence, as bailee of a certain negro girl slave, named Sabre, about twelve years old, he, the said defendant, then and there undertook and promised

the plaintiff, to pay her the sum of three hundred dollars, for the discharge of himself from all actions, suits or molestations, for such liability to the plaintiff, whenever he should be afterwards requested. Yet the said defendant, although often requested, had not kept or performed his said promise, or either of them, nor paid said money or any part thereof, but had failed and refused so to do, to the damage of the plaintiff, sued as aforesaid, and therefore she sued, &c.

At the January term, eighteen hundred and thirty-five, the plaintiff came into Court, and the defendant being called, did not come, and because it was not known to the Court, what damage the plaintiff had sustained, a jury of good and lawful men, came, who assessed the damages at three hundred and fourteen dollars; and thereupon the Court considered, that the plaintiff recover of the defendant, her damages aforesaid, in form aforesaid, assessed, besides her costs, by her about her suit, in that behalf expended.

And so the writ of error was sued out, &c.

*Hopkins & Parsons*, for plaintiff in error.— *M'Clung*, contra.

ORMOND, J.—This is an action of assumpsit, brought by Martha T. Goff, guardian of Eliza A. Goff, against John Sutherland.

The declaration, in substance, recites, that the defendant hired of the plaintiff, as guardian, a negro girl, the property of the ward, and agreed to treat the slave with care and humanity, and to re-

turn her at the end of the year; but that by his neg-
ligence, want of care, diligence and attention, the
negro died, and that in consideration thereof, he
undertook and promised to pay the plaintiff, as
guardian, such sum of money as one Isaac Lane,
should determine to be the value of the slave; and
that Lane estimated the value of the slave, to be
three hundred dollars.

These are all the allegations necessary to be set
out. There was a judgment by default, and writ
of inquiry awarded, and judgment for the plain-
tiff.

Several errors are assigned, but the only one ne-
cessary to be noticed, is "That Martha T. Goff, in-
stead of her ward, is made plaintiff in the writ and
declaration"

The law is, that the guardian must sue in his own
name, where he has the right of possession, or
where an injury is done to the possession: but
where the matter lies in action, the suit must be in
the name of the ward. What is the character of
the interest here? It is the value of the slave. It
would seem clear, that this is a mere chose in ac-
tion, and all the difficulty is created, by the refer-
ence to a third person, to ascertain the value; and
it is insisted, that there was a promise to pay the
value of the slave when ascertained, to the guar-
dian. The guardian would undoubtedly have a
right to receive the money. But does it thence fol-
low, that he has a right to maintain the action in
his own name? It would seem rather, that this re-
ference, was merely the substitution of Lane, for
the jury, to ascertain the value of the slave; and

if so, the guardian cannot maintain the action in her own name.

It is in all cases, important, to preserve the boundary of actions, and to prevent them from running into each other. It is peculiarly so, in this class of cases, as it might be impossible otherwise to ascertain the interest of the ward. The description in the writ, would not conclude the guardian, as to the interest of the ward. This question has been substantially decided by this Court, in the case of *M'Leod vs Mason.* (5 Porter's R. 223.)

Let the judgment be reversed.

GOLDTHWAITE, J.—With the utmost respect for the opinion expressed by the majority of the Court, I am compelled by my views of the law, to dissent.

The contract which is set out in the first count of the declaration, contains, in my opinion, a sufficient cause of action. The contract is alledged to have been made in relation to property of the ward; it is such a contract, as the guardian, by law, is authorised to make, and the action is substantially for its breach. The promise is laid, as made with the guardian, and according to my opinion, it can alone be enforced by him.

I do not think the case of *Mason vs M'Leod* has any immediate bearing on this case. The Court there decided, that a suit accruing to the infant, before the interest of the guardian accrued, must be brought in the name of the infant; but in this case, the whole subject matter of the suit, was a contract made with the guardian, after his interest had ac-

5 P.        65

crued, and his liability to perform his duties, had become fixed, by the possession of his ward's estate.

The case may well be assimilated to that of an executor or administrator, who enters into a contract, having reference to the property of the estate committed to his charge. No one will contend, but that an action growing out of any such contract, would be properly brought by the administrator or executor in his own name, and not in his representative character.

For these reasons, I am of opinion, that the judgment should be affirmed.