FUQUA, GUARDIAN v. HUNT.

1. A guardian may maintain an action in his own name, for an injury to the property of his ward in his *actual* possession.

Error to the Circuit Court of Madison County.

THIS was an action of detinue, commenced in the court below, by the plaintiff in error, to recover a negro slave.

The declaration alleges, that the plaintiff heretofore, to wit, on the day of, was lawfully possessed of a certain negro female slave, of great value, &c. the property of the said plaintiff, as guardian as aforesaid, as of his own property, and being so possessed as aforesaid, casually lost the same out of his possession, &c.

To this declaration the defendant demurred, and the court below sustained the demurrer, and gave judgment for the defendant. From this judgment, the plaintiff prosecutes this writ of error, and now assigns for error the judgment of the court sustaining the demurrer.

McCLUNG, for the plaintiff in error.
HOPKINS, contra.

ORMOND, J.—We understand the declaration to assert, that the plaintiff was in possession of the slave, sued for, as guardian, and that he was deprived of that posession by the defendant. These facts, are admitted by the demurrer, and it is now insisted by the counsel for the defendant in error, that they authorized the judgment of the court below, on the authority of the case of Goff v. Sutherland, 5th Porter, 508. In that case it was decided, that, "The guardian must sue in his own name, when he has *a right to the possession,* or when an injury is done to the *pos-*

*session*; but when the matter lies in action, the suit must be in the name of the ward."

Now, as the declaration in this case affirms, that the slave sued for, was taken from the *possession* of the plaintiff as guardian, that case is a direct authority to show his right to maintain the action, if he sustains the allegations of the declaration by proof.

In Sutherland v. Goff, the court held the guardian could not recover because he sued, not for a slave taken from his possession, but for his value as assessed by a third person, which the the court (whether correctly or not) considered a mere chose in action. The case, however, distinctly admits, that for an injury to his possession, the guardian could maintain the action.

We have no intention of abandoning the principle, which governs the case of Sutherland v. Goff, but as the point was one purely technical, we feel no disposition to extend the principle to cases not clearly within the reason of that decision.

Let the judgment be reversed and the case remanded