## Carskadden *against* M'Ghee.

If a suit be brought in the name of A. B. and "others," the record cannot be amended by striking out "others," and inserting the name of another party, more especially when the cause had been previously referred to arbitrators, from whose award there had been an appeal.

A promise "to the guardians of the minor children of A. B." is a promise to the minors, and should be sued in their name.

ERROR to the Common Pleas of *Clinton* county.

This was an action on the case in *assumpsit* brought in the name of "Mary M'Ghee and others, guardians of the minor children of John M'Ghee deceased, against James Carskadden." On the trial of the cause, the court permitted the plaintiff to amend the style of his action by striking out the word "others," *and* inserting the name of "Thomas Huston," and to make a corresponding amendment of his declaration. The defendant excepted to the opinion of the court permitting this to be done.

The plaintiff, to maintain his action, offered in evidence the following paper:

"On examining the accounts of the store-books so far as the storing of grain, the above balance of $285.66 appears to be due to the guardians of the minor children of John M'Ghee deceased, to be paid by me as soon as collected, which is to be within three months from date.

                                        JAMES CARSKADDEN.

July 17, 1835."

The defendant objected to the evidence offered, because it did not support the writ which issued in the name of Mary M'Ghee and others, and because it does not support the plaintiff's action

as the parties now stand on the record. The court overruled the objection and sealed a bill of exception.

The paper having been read to the jury, the court instructed them that the plaintiff was entitled to recover.

*Blanchard*, for plaintiff in error, argued that the court erred in permitting the amendment to be made, and that when made the evidence offered did not support the plaintiff's pleading. 8 *Serg. & Rawle* 53; 5 *Watts* 373; 5 *Watts & Serg.* 33; 14 *Serg. & Rawle* 105.

*J. T. Hale*, for defendant in error, who had not brought the suit originally, argued that it might be supported under the statute which permitted amendments to be made, and referred to it, *Purd. Dig.* (ed. of 1841) 41.

The opinion of the Court was delivered by

ROGERS, J.—That a guardian may take effectual care of an infant and his affairs, the law has clothed him, not only with a bare authority, but with an interest in the real estate of his ward. For this reason he may make leases for years, maintain ejectment, trespass, debt for rent, and distrain in his own name for the rent in arrear. This idea would seem to have been in the mind of the pleader when this suit was brought, suggested possibly by the terms of the settlement made with the guardian. This he seems to have received as an evidence that the lease was by the guardians in their own names, that the settlement was with them, and that the writing contained a promise to pay them personally the amount admitted to be due. But, conceding this to be so, then this is a suit by Mary F. M'Ghee in her own right; for the words "and others, guardians of the minor children of John M'Ghee," must be held as matter of description merely. And if this be the legal character of the suit, it is very clear that the court was wrong in permitting another party to be added to the record, and particularly after an appeal from an award of arbitrators. This is too plain to admit of argument. But, construing this settlement as a promise to pay the guardians individually, we must intend only the guardians when the promise was made. But it appears Thomas Huston, whose name was added as a party, was not then guardian, but was subsequently appointed in the place of a guardian who was dismissed. It may be that by his dismissal the suit, if in other respects right, might be maintained in the name of the other guardian; but it is very certain it can give no right of action to Huston, for the plain and satisfactory reason that with him no contract whatever has been made by the defendant.

But the court was not only in error in this, but in charging the jury that the plaintiffs on the record were entitled to recover the amount of the money admitted to be due by the paper of the 17th

July 1835, with interest from the time it became payable. In whatever aspect this cause may be considered, whether as a promise to the guardians in their own right, or in their representative character, the instruction under the evidence was wrong. For if the former, the promise was not to Huston, and consequently the evidence does not support the declaration. If the latter, which is unquestionably its true construction, the suit must be in the name of the minors by their guardians. The intendment is that the lease was in the name of the minors, nor does the settlement contravene this; for, fairly construed, it is an acknowledgment of indebtedness to the minors, and not the guardians in their individual character.

Judgment reversed.