MOSES HUTCHINS, JR. *versus* NATHAN DRESSER.

In this State the guardian of an infant has by statute the care and manage-
ment of the estate of his ward, and may sell and transfer his ward's per-
sonal estate, subject to certain statute limitations and restrictions. But the
choses in action of the ward do not become the property of the guardian,
and are not transferred to him, on his appointment, either by the common
law, or by statute.

The provisions of the Revised Statutes, (c. 110, § 21,) do not authorize the
guardian of an infant to maintain a suit *in his own name* to recover a chose
in action of his ward.

EXCEPTIONS from the Western District Court, GOODENOW J.
presiding.

Assumpsit by the plaintiff, describing himself as guardian of
Richard Eastman, a minor, to recover the wages due for three
months labor of Eastman, and the amount which Dresser re-
ceived for a gun, sold by him, the property of Eastman.

The plaintiff proved, that he was the guardian of Eastman;
that Eastman performed the labor for the defendant; that
Dresser sold a gun, belonging to Eastman, and received for it
twelve dollars; and that he had called upon the defendant for
payment, and it was refused.

Hutchins *v.* Dresser.

The presiding Judge ruled, that to recover, the plaintiff must prove an express promise to himself; that upon this evidence a promise to the plaintiff, could not be implied; and that the action could not be maintained. A nonsuit was ordered.

The counsel for the plaintiff filed exceptions.

*Gerry,* for the plaintiff, contended that upon the evidence the action could be maintained.

The guardian is entitled to the possession of the personal estate of his ward. Trover could be maintained, most clearly, for the gun. And the defendant having sold the gun, and received payment for it, the plaintiff may waive the tort, and recover in assumpsit.

Guardianship is a trust coupled with an interest. *The people* v. *Byron,* 3 Johns. Cas. 53. The guardian may lease the land of the ward, avow, or bring trespass in his own name. *Byrne* v. *Van Hoesen,* 5 Johns. R. 66. A guardian may submit to arbitration on behalf of his ward. 3 C. R. 253.

*Hammons,* for the defendant, said that a guardian derives all his rights and powers over the property of his ward in this State from the statute. The statute, c. 110, does not vest the property of the ward in the guardian; it merely gives him the care, custody and possession of the property. The guardian is a mere statute agent, having a power coupled with no interest. 7 Mass. R. 6; 13 Pick. 206.

I do not find, that this question has been directly decided, as no such action seems to have been brought before. The precedents of declarations have no form for such action. And there are cases wholly inconsistent with the maintenance of it. 4 Mass. R. 435; 14 Mass. R. 207; 5 Mass. R. 300.

The opinion of the Court was prepared by

SHEPLEY J. — The plaintiff commenced this suit in his own name, as guardian of Richard Eastman, an infant, to recover for labor performed by the infant for the defendant; and for money received for the price of a gun belonging to the infant and sold by the defendant. In the district court a nonsuit was ordered, and the case is presented on exceptions.

By the common law a guardian in socage was entitled to the possession of his ward's estate; and he might maintain trespass or ejectment, make an avowry for damage feasant, or a lease during the existence of his guardianship, in his own name. *Osborn* v. *Carden*, Plow. 293 ; *Wade* v. *Baker*, 1 Ld. Raym. 131.

The guardian of an infant has by statute in this State the care and management of the estate of his ward, and while in possession of his ward's real estate may have similar powers. He may also sell or transfer the personal estate of his ward, subject to certain statute limitations and restrictions. The choses in action of the ward do not become the property of the guardian. They are not on his appointment transferred to him, either by the common law or by statute.

The provision of the statute, c. 110, § 21, that a guardian may " demand, sue for, and receive all debts due" to the ward, cannot be construed to authorize him to maintain a suit in his own name to recover them. That such was not the intention is apparent from the last clause of that section, which provides, that he shall appear for and represent his ward in all legal suits and proceedings. In such cases he has no personal interest in the suit ; is but a statute agent, which may be changed pending the suit without abating it. *Davies* v. *Lockett*, 4 Taunt. 765.

*Exceptions overruled.*