## MARTIN *vs.* RABORN, ADM'X, ET AL.

[GUARDIAN AND WARD—ACCOUNT—CONVERSION.]

1. *Conversion by guardian of ward's funds.*—Where a guardian converts the funds of his ward to his own use, by investing them in property, the ward is entitled, at his election, to have the property and the profits derived therefrom.

2. *Probate court; powers of.*—When the cause will involve the necessity of divesting titles to real estate, and taking an account of profits, the powers of the probate court are inadequate.

APPEAL from the Chancery Court of Macon.
Heard before Hon. N. W. COOKE.

THE bill in this case was filed by O. W. Martin, (the appellant) against M. P. Raborn, as administratrix of John L. Raborn, deceased, and others, (appellees), on the 15th February, 1867. The case made by the bill is as follows: In 1850, John L. Raborn was appointed by the probate court of Macon, guardian of the complainant, and acted in that capacity until his, the guardian's death, in 1862. He died without having made a settlement of his guardianship. Said guardian came into possession of a large sum of money, belonging to his ward, and with this money purchased land and other property, for his, the guardian's own use and benefit, and otherwise speculated with said funds. On the death of John L. Raborn, his widow, M. P. Raborn was appointed administratrix of his estate, and in 1864 filed her accounts and vouchers with said probate court for a settlement of her intestate's guardianship. She charged her intestate with the original amount of said ward's estate, less credits for outlays of the ward, and with interest thereon from the time received, not accounting for the use of the ward's money, or showing that the same had been used and employed by the guardian for his own use and benefit. It was ordered by the probate court that said account be " passed and allowed", and one J. J. Love-

Martin v. Raborn, Adm'x, et al.

less was appointed guardian to represent the interest of said ward. No decree was rendered on this settlement. Afterwards, to wit, in the year, 1866, said Loveless, as guardian, moved the probate court for a decree *nunc pro tunc*, on said account, in his favor as guardian, and for revival of the cause. The court rendered the decree, *nunc pro tunc*, as prayed fcr, but rendered no decree reviving the same. Complainant alleges that this settlement was a fraud upon his rights, and charges that said administratrix, and said guardian, Loveless, at the time of said settlement, had full knowledge of the manner in which said deceased guardian had used and employed complainant's estate, and of his liability therefor. The complainant elects to take what remains of the property, acquired by his guardian, from the use of his ward's estate, instead ot the money represented by said property. The prayer of the bill is, that the title to the real property thus acquired by said guardian may be divested out of his heirs, and vested in complainant ; to set aside said settlement and decree in the probate court, and a prayer for general relief. J. J. Loveless and the heirs at law of John L. Raborn, were also made parties defendant. On t hefinal hearing the chancellor dismissed the bill, and this action is now assigned for error.

RICE, SEMPLE & GOLDTHWAITE, for appellant.—1. The relation of guardian and ward involves the " most important and delicate of trusts."—1 Story Eq. Jur. § 317. And the court of chancery has original jurisdiction of all the dealings and transactions growing out of or connected with that relation, independent of any statutory provision. This original jurisdiction is not ousted by statutes which merely give remedies in other courts similar to those given in chancery.—*Simmons v. Waldron*, 28 Ala. R. 629.

2. The matters of the bill in the present case are of *exclusive* equity cognizance. The probate court has no jurisdiction as to such *trusts* as complainant here seeks to enforce, or as to *the election* complainant here makes; and therefore no decree of the probate court can oust the jurisdiction of the chancery court. Complainant asserts rights

here which the probate court had no jurisdiction to pass upon.—*Gerald v. Bunkley*, 17 Ala. R. 177, and authorities cited for appellant in *Hoard's Heirs v. Nash*, at January term, 1868 ; 2 Story Eq. Jur. § 1258 to 1263.

Where the guardian has made profits by the employment of the funds of the ward, the latter may elect to take the profits.—*Kyle v. Barnett*, 17 Ala. R. 306 ; Tiffany & Bullard's Law of Trusts, &c., 594, 595, and notes.

If the profits cannot be ascertained *compound interest* will be allowed.—Tiffany & Bullard's Taw of Trusts, 594.

3. The pretended settlement in the probate court was " a fraud on the court ;" in this, that the law requires a guardian (or his administrator) to state *a true and full account* of his dealings as guardian with the funds of the ward ; this true and full account was *withheld* from the court, and another statement or account, of a totally different nature and effect, foisted upon the court, thus *deceiving the court.* The court ·was *kept in ignorance* of material facts which should have been disclosed to it by the guardian or his administratrix. The court was kept ignorant of the use in trade and speculation, by the guardian of the ward's funds, and of the profits therefrom ; and by thus keeping the court ignorant, and imposing upon the court another version of the dealings, the administratrix of the guardian *obtained a decree which the disclosure of the truth* (and the very truth which the guardian or his administratrix was *bound* to disclose) would have prevented. No such decree can stand in a court of equity.—*Kennedy · v. Daly*, 1 Schoales & Lefroy's Rep. 375, 389, 396.

A. J. WALKER, C. J.—The ward was entitled at his election to have the property in which his guardian invested his funds, and also the profits derived from those funds. The relief of the ward in this case will involve the necessity of divesting titles to real estate and taking an account of profits. The powers of the probate court were not adequate to grant the relief sought by the complainant.

Reversed and remanded.