NEWTON, *Guard.*, *v.* NUTT, *Adm'r.*

A guardian cannot maintain a suit in his own name on an account for the labor of his ward.

ASSUMPSIT, on an account for the labor of the plaintiff's ward performed for the defendant's intestate.   Demurrer, on the ground that the cause of action alleged was a debt due to the ward, and not to the plaintiff.

*Faulkners & Batchelder*, for the plaintiff.   The statute (Gen. St., *c.* 165, *s.* 4) which provides that a ward shall not sue nor be sued except by his guardian, does not prescribe that, for causes of action arising after the appointment of the guardian, and upon matters of express contract between him and third persons, no suit shall be

maintained by him· in his own name. For contracts entered into, or torts committed, before the appointment of a guardian, suit must be brought in the name of the ward by the guardian, because, manifestly, the consideration moves from the ward. After the appointment of a guardian, on an express or implied contract between him and a third person, the consideration, in a strictly legal sense, moves from the guardian, who has the legal custody of the ward and his property, and the reason of the rule ceases. In suits for rent, on a lease of the ward's real estate; on a promissory note given for the ward's property and payable to the guardian; and on a contract in writing signed by the guardian for the ward's services,—no reason exists why the guardian, and the guardian alone, should not sue. This being so, the action for the ward's services, on an express verbal contract made with the guardian, can be maintained in his name. *Stewart* v. *Crabbin*, 6 Munf. 280, was for assault and battery on the person of the ward; and *Blanchard* v. *Ilsley*, 120 Mass. 487, was for seduction of the plaintiff's ward, her father living, and she being unemancipated : and these cases are not in point.

*Wait*, for the defendant. In actions *ex-contractu* the plaintiff must be the person having the legal interest in the contract. 1 Chitty Pl. 3. The legal interest resides in the party from whom the consideration moves. Hammond on Parties 6; Woods, J., in *Kenniston* v. *Ham*, 29 N. H. 508; *Warren* v. *Batchelder*, 15 N. H. 129; *Chamberlain* v. *Ins. Co.*, 55 N. H. 249; *Price* v. *Easton*, 4 .B. & A.˙ 433; Chitty Con., 8 Am. ed., 55. Guardians have only a naked authority not coupled with an interest. 1 Parsons Con., 5 ed., 134; Parsons, C. J., in *Granby* v. *Amherst*, 7 Mass. 5. The plaintiff had no legal nor beneficial interest in the contract declared upon, nor did the consideration move from him. An administrator may sue, for he has the legal title to the decedent's personal estate. A father may sue for the wages of a minor child, for they are his property. The guardian has no title to, nor interest in, the wages of his ward. The guardian's possession is the ward's possession. *Tenney* v. *Evans*, 11 N. H. 346. All the precedents are, that a suit for the recovery of the property or wages of the ward, or on a contract in which he is beneficially interested, should be in the name of the ward, by his guardian. *Chandler* v. *Vilett*, 2 Saund. 117, *e*, case 21; *F. N. B.*, 27 H. L.; Tidd's Pr., Forms, 105; Saund. Pl. and Ev. 580. So is our statute, providing that " every ward shall sue and be sued, prosecute and defend, by his guardian." Gen. St., *c*. 165, *s*. 4. There is no adjudged case, except where authority is given by special statute, holding that a guardian can maintain a suit in his own name for the recovery of anything lying in action belonging to his ward. Cases holding the contrary are *Sutherland* v. *Goff*, 5 Port. (Ala.) 508; *McLeod*˙v. *Mason*, *id*. 223; *Caskadden* v. *M'Ghee*, 7 Watts & Serg. 140; *Longstreet* v. *Tilton*, 1 Coxe (N. J.) 38; *Hoare* v. *Harris*, 11 Ill. 24; *Fox* v. *Minor*, 32 Cal. 111; *Bradley* v. *Amidon*, 10 Paige Ch. 235; *Hutchins* v. *Dresser*,

26 Me. 76; *Stewart* v. *Crabbin*, 6 Munf. 280; *Blanchard* v. *Ilsley*, 120 Mass. 487. Decisive reasons in *Bradley* v. *Amidon*, *Hoare* v. *Harris*, and *Fox* v. *Minor*, against such form of action, are, that the pendency of the action would not prevent another at the same time in the name of the ward, and a judgment in one would not be a bar to the other. Could the action be maintained, the ward, coming of age before final judgment, would be deprived of the right to prosecute it by himself. Should the guardian die pending the suit, it could not be prosecuted in the name of the minor by his next friend, nor by the guardian's successor, who could derive no title from the former guardian, nor by the guardian's personal representative, and the action would not survive.

ALLEN, J. It is the duty of the guardian to take care of the person of his ward, improve his estate, apply the income to his support, collect his dues, pay his debts, and protect his rights. Gen. St., *c.* 165, *s.* 3. It is the right of the ward to sue and be sued, prosecute and defend, by his guardian. Gen. St., *c.* 165, *s.* 4. The relation between the guardian and ward is that of a trustee and *cestui que trust*, but the trust is not one which gives to the guardian the legal title to the ward's estate, as in case of administrators, executors, and trustees appointed by deed, by will, or by the court. The guardian's duties entitle him to the possession of the ward's property, but his possession is the possession of the ward in whom the legal title remains. The power of the guardian is a naked trust not coupled with an interest. *Tenney* v. *Evans*, 11 N. H. 346; S. C., 14 N. H. 343, 350, 351; *Granby* v. *Amherst*, 7 Mass. 1, 5; *Manson* v. *Felton*, 13 Pick. 206, 211.

When the right of action depends upon possession merely, and the possession of the property is actually with the guardian, the suit may be in the guardian's name. *Pond* v. *Curtiss*, 7 Wend. 45; *Truss* v. *Old*, 6 Rand. 556; *Bacon* v. *Taylor*, Kirby, 368; *Fuqua* v. *Hunt*, 1 Ala. 197; *Sutherland* v. *Goff*, 5 Port. 508; *Field* v. *Lucas*, 21 Ga. 447. So, too, if the action is on a contract to be performed with the guardian personally, or for the payment of money to him by name. *Boardman* v. *Roger*, 17 Vt. 589; *Gage* v. *Kendall*, 15 Wend. 640; *Mauran* v. *Lamb*, 7 Cow. 174; *Pearce* v. *Austin*, 4 Whart. 489; *Joliffe* v. *Higgins*, 6 Munf. 3; *Baker* v. *Ormsby*, 5 Ill. 325.

But debts and demands generally, in which the ward has a direct beneficial interest, should be sued in the name of the ward by his guardian. *Hutchins* v. *Dresser*, 26 Me. 76; *Winslow* v. *Winslow*, 7 Mass. 96; *Blanchard* v. *Ilsley*, 120 Mass. 487; *Bradley* v. *Amidon*, 10 Paige Ch. 235; *Stratton's Case*, 1 Johns. 509; *Totten's Appeal*, 46 Pa. St. 301; *Longstreet* v. *Tilton*, 1 Coxe 38; *Carskadden* v. *M'Ghee*, 7 Watts & Serg. 140; *Stewart* v. *Crabbin*, 6 Munf. 280; *Barnet* v. *Commonwealth*, 4 J. J. Marsh. 389; *Hoare* v. *Harris*, 11 Ill. 24; *Fox* v. *Minor*, 32 Cal. 111; *Hanly* v. *Levin*, 5 Ohio 228; *Hines* v. *Mullins*, 25 Ga. 696; 3 Redf. on Wills, title Guardian, *s.* 55, 2; Schouler Dom. Rel. 462, 463.

The ward did not perform the labor sued for by the plaintiff as the plaintiff's servant, and the plaintiff had no interest in the claim which entitled him to sue upon it in his own name.

*Demurrer sustained.*

CLARK, J., did not sit: the others concurred.