## Opp v. Wack.

1. STATUTE OF LIMITATIONS: *New promise to avoid.*
   Where a new promise relied upon to avoid the statute of limitations is conditional, it must be proved that the contingency contemplated by the promise has occurred.

2. SAME: *Same.*
   Where a new promise or acknowledgment is relied upon to remove the bar of the statute of limitations, and it is otherwise sufficiently specific, parol evidence is admissible to identify the debt to which the promise attaches by showing that there was but one debt due from the defendant to the plaintiff. But where two or more distinct obligations are due, the written acknowledgment or promise must itself identify the debt to which it refers.

3. SAME: *Same.*
   The defendant being indebted to the plaintiff on six distinct obligations, wrote to to him, saying * * * "rest assured I will do all I can for you. Don't push me, as yours is the only claim on the shop, and I will work it off as soon as possible." HELD: That the writing is insufficient as a new promise to avoid the bar of the statute of limitations, since it fails to designate which one of the obligations the defendant promises to "work off."

APPEAL from *Phillips* Circuit Court.

M. T. SANDERS, Judge.

*J. J. Honor* and *J. C. Tappan,* for appellant.

There is no unconditional promise to pay, nor any unqualfied acknowledgment that the claims were due; nor any express promise to pay them; nor are the debts identified. If there be a promise at all, it is only a conditional one, and there is no proof that the condition has been performed. In no particular does this letter come up to the rule required by the statute. *26 Ark., 543; 1 Peters, 351; 8 N. Y., 369; 9 N. Y., 85.*

*P. O. Thweatt,* for appellee.

The proof shows there was no other indebtedness than the one mentioned in the letter, which is the foundation of this suit. This was sufficient identification. *10 Ark., 134; 7 Cal. 22; 22 Ark., 290; Angell on Lim., sec. 208; 66 Md., 558; 91 Mo., 622; 16 Neb., 21; ib., 55.*

A new promise, made before the bar intervenes, operates to continue the obligation from that time. *26 Ark., 543; 86 Mo., 543; Angell on Lim., sec. 237; 122 U. S., 231.*

SANDELS, J. Action brought June 4, 1887, by appellee, upon six bills of exchange—one dated October 8, 1881, due at ninety days, for $212.80; one dated October 25, 1881, due at ninety days, for $311.05, and four dated November 14, 1881, for $82.12 each, and due at fifteen, thirty, forty and sixty days, respectively.

The complaint also alleges that on October 3, 1882, appellant, in writing, acknowledged said several debts, and promised to pay the same. Answer—statute of limitations and denial of promise to pay within five years. The letter written by R. A. Opp, appellant, dated October 3, 1882, upon which appellee relied to take his claims out of the statute of limitations, is in words and figures as follows :

"HELENA, ARK., October 3, 1882.

" *Wack & Miller :*

"GENTS—Yours to hand a few days ago. I have been sick, and am just up. My dear sir, it is impossible for me to give drafts to pay at any particular time at present, as yet business is as dull as it could be. But our prospect is good for a lively trade this fall. The extreme hard times has reduced my stock. But we are at work like Turks to get up work for the fall trade, and rest assured that I will do all I can for you. But it is no use to give drafts and have them go to protest. Don't push us, as yours is the only claim for goods on the shop, and I shall work it off as soon as possible.

" Truly yours,

(Signed) " R. A. OPP."

Wack and Wurth testified that the letter could have referred only to the acceptances in suit; that defendant owed plaintiff these six bills at the time it was written.

Construed most strongly against the writer, the letter of Opp is at most a conditional promise; in which event it is

STATUTE OF LIMITA-TIONS: New promise to avoid.

always necessary to prove the happening of the contingency or accrual of the subject matter of the condition. But a fatal insufficiency exists in the failure of the letter to designate which one or ones of the drafts he promised to "work off." Where a promise to pay a debt barred by limitation, or an acknowledgment within the period of limitation is relied upon, and is otherwise sufficiently specific, parol proof may be admitted to show that there was but one obligation due from defendant to plaintiff, and thus identify the debt to which the promise refers. But where there are two or more distinct obligations due the plaintiff, the written acknowledgment must itself identify the one or ones to which the promise to pay attaches. *Ringo v. Brooks, 26 Ark., 540; Armistead v. Brooke, 18 Ark., 521.*

Reverse and remand for a new trial.