(November 15, 1893.)

## KELLY v. LEACHMAN.

[34 Pac. 813.]

On petition for a rehearing of case reported on page 629, ante, dated May 8, 1893. Rehearing denied.

E. O'Neill and James E. Babb, for Petitioner.

MORGAN, J.—The appellee files his petition for rehearing in the above-entitled cause, and cites the following authorities in support thereof: 2 Kents' Commentaries, 13th ed., *238, note E. In this note the editor quotes the decision in *Hartley v. Wharton,* 11 Adol. & El. 934, and refers the reader to this case for a construction of the statute under discussion, in which he adds: "The energy of the statute is much weakened." The language quoted does not assume nor intimate that the decision in *Hartley v. Wharton, supra,* is not the law, and in his statement the editor differs from the four learned judges, to wit, Lord Denman, C. J., Littledale, J., Patterson, J., and Coleridge, J., who all join in the decision of *Hartley v. Wharton.* (See 11 Adol. & E. *934.) And in Browne on Frauds (section 409a) it is said parol evidence is admitted at common law to show the circumstances under which the parties have executed a written agreement, with a view to fix its application to the subject matter which they had in their minds, and this is equally true, although the agreement be one which cannot, consistently with the statute, be made without writing. And in the appendix to Browne on Statute of Frauds (page 512) the statute construed in *Hartley v. Wharton* is quoted, and the above case is referred to, without comment, for the construction of said statute. The quotation made in the petition for rehearing from Browne on the Statute of Frauds, which we find in section 350, refers to contracts mentioned in the fourth section of the statute of frauds of 29 Charles II, chapter 3, and has no reference to section 5, Statute 9 George IV, chapter 14, which the court in *Hartley v. Wharton* was construing and giving effect to. This statement is made to show that neither the quotation made in

the petition, nor the section of Browne from which it is taken, has any reference to the kind of promise or acknowledgment under discussion in the case at bar. The whole chapter refers to agreements mentioned in section 4 of the Statute of Frauds of 29 Charles II, *supra.* And in *Peugh v. Davis,* 96 U. S. 336, the court, by Field, J., says: "The rule which excludes parol testimony to contradict or vary a written instrument has reference to the language used by the parties. That cannot be qualified or varied from its natural import, but must speak for itself. The rule does not forbid an inquiry into the object of the parties in executing and receiving the instrument. Thus, it may be shown that a deed was made to defraud creditors, or to give a preference, or to secure a loan, or for any other object not apparent on its face. The object of the parties in such cases will be considered by a court of equity. It constitutes a ground for the exercise of its jurisdiction, which will always be asserted to prevent fraud or oppression, and to promote justice. (*Hughes v. Edwards,* 9 Wheat. 489, and other cases there cited.)" So in *Miller v. McKenzie,* 95 N. Y. 578, 47 Am. Rep. 85, speaking of parol testimony to explain, the court says: "Notwithstanding the statement in the note that it was given for cash loaned, it is open to either party to show the true consideration thereof." When papers or documents are introduced collaterally in the trial of a cause, the purpose and object for which, and the reason why, they were made in the particular form, may be explained by parol. (Browne on Parol Evidence, sec. 15, p. 18; *Manchester v. Braender,* 107 N. Y. 346, 1 Am. St. Rep. 829, 14 N. E. 405.) Such evidence does not in the least vary or contradict the drafts themselves. As the form of the drafts might confuse the jury, the plaintiffs had a clear right to explain how they came to be made as they were. (*Bank v. Kennedy,* 17 Wall. 19.) The additional authorities submitted by attorneys for defendant have been carefully examined by the court. In *Opp v. Wack,* 52 Ark. 288, 12 S. W. 565, the court makes a distinction which is apparently without a difference, thus: "Parol proof may be admitted to show that there was but one obligation due from defendant to plaintiff, and thus identify the debt to which the promise refers; but, where there are two or more distinct obligations, the written obligation must itself

identify the one or ones to which the promise to pay attaches." It would seem very difficult to give a reason for the admission of parol proof in the one case which would not apply equally as well in the other. In *Gartrell v. Linn,* 79 Ga. 700, 4 S. E. 918, it does not appear that any parol proof was offered for any purpose, and therefore the decision cannot be considered as in point. It is also evident that in the Arkansas and Georgia cases the court felt constrained to give the statute a strict construction, while in our own state, so far as this being proper, our statute enjoins upon the court a liberal construction of all statutes for the promotion of justice. (Idaho Rev. Stats., sec. 4.) The application must be denied, and it is so ordered.

Huston, C. J., and Sullivan, J., concur.