. (January 30, 1894.)

# DENNISON v. WILLCUT.

[35 Pac. 698.]

PRACTICE—SUPPLEMENTAL COMPLAINT.—Matters changing the relations of the parties to a suit, or either of them, which affect the matter in litigation, and which have transpired since the filing of the original complaint, are proper matters for supplemental complaint.

SAME—GUARDIAN AND .WARD.—A guardian is not permitted to bring suit in his own name and in his individual capacity for money or property belonging to the ward.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

R. E. McFarland and Albert Hagan, for Appellant.

The court erred in refusing the application to file the supplemental complaint. The application was made in due time, and in proper form. The refusal was an abuse of discretion. (Rev. Stats., sec. 4219; *Seehorn v. B. M. & B. W. R. Co.,* 60 Cal. 240; *Holyoke v. Adams,* 59 N. Y. 233.) The husband is not, under any circumstances, however, required, under our statutes, to sign any bill of sale or assignment of the money of a wife. The separate property act does not refer to the money demand of a wife. (*Coles v. Soulsby,* 21 Cal. 47; *Peck v. Vandenberg,* 30 Cal. 56.) We contend that a guardian can sue in his own name as trustee of an express trust, to wit: For nonpayment of rent, for trespass on ward's lands, for intermeddling with rents and profits thereof, for an injury to any property of the ward or the right of possession thereof, also on a promissory note not payable to himself as guardian, though given for a debt due to the ward. (*Pond v. Curtiss,* 7 Wend. 45; *Truss v. Old,* 6 Rand. 556, 18 Am. Dec. 748; *Bacon v. Taylor,* Kirby, 368; *Belcher v. Crause,* 19 Wend. 306; *Fuqua v. Hunt,* 1 Ala. 197, 34 Am. Dec. 771; *Sutherland v. Goff,* 5 Port. 508; *Field v. Lucas,* 21 Ga. 447, 68 Am. Dec. 465; *Jolliffe v. Higgins,* 6 Munf. 3; *Baker v. Ormsly,* 4 Scan. 325; *Thatcher v. Dinsmore,* 5 Mass. 299, 4 Am. Dec. 61.

Charles L. Heitman, for Respondents.

. It is a well-settled rule of pleading that a demurrer to a complaint or an answer where several causes of action have been improperly united therein, must state wherein the joinder is improper. Misjoinder of actions cannot be taken advantage of by general demurrer. (2 Estee's Pleading, sec. 3120; *Haverstitch v. Trundel,* 51 Cal. 433.) The demurrer must state with particularity wherein the pleading is ambiguous, unintelligible and uncertain. (2 Estee's Pleading, sec. 3077; *Demartin v. Albert,* 68 Cal. 277, 9 Pac. 157.) Any interest in the matter in litigation is sufficient to entitle a party to intervene. (*Coffey v. Greenfield,* 55 Cal. 382; Idaho Rev. Stats., secs. 4109, 4111; Cal. Code, Civ. Proc., secs. 386, 387.) The fact that the intervener might protect his interest in some other way is immaterial. (*Morey v. Lett,* 18 Colo. 128, 31 Pac. 857; *Pence v. Sweeney,* ante, p. 181, 28 Pac. 415; *Robinson v. Crescent City etc. Co.,* 93 Cal. 316, 28 Pac. 950; Pomeroy's Remedies and Remedial Rights, sec. 411.) The allowance of amendments to the pleadings, and the filing of supplemental pleadings, is discretionary, and will not be reviewed on appeal. (*Harding v. Minear,* 54 Cal. 502; *Wittenbroch v. Bellmer,* 57 Cal. 12.) An executor or an administrator, or a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the persons for whose benefit the action is prosecuted. (Rev. Stats., sec. 4092.) Such action must be brought in the name of the infant, by its guardian. To the same effect are: *Wilson v. Wilson,* 36 Cal. 45; *Karr v. Parks,* 44 Cal. 48; *Emeric v. Alvarado,* 64 Cal. 593, 2 Pac. 418. The capacity of a guardian to sue in his own name, if at all, is limited to actions for the injury or death of his ward. (Idaho Rev. Stats., sec. 4099.) The rule is that a motion for judgment on the pleadings should be made before any evidence is introduced or sought to be introduced by the plaintiff to support the complaint. (*Tevis v. Hicks,* 41 Cal. 123.) Inconsistent defenses do not entitle the plaintiff to judgment upon the pleadings. (*Nudd v. Thompson,* 34 Cal. 39; *Botto v. Vandament,* 67 Cal. 333, 7 Pac. 753.) The contention that section 2498 of the Revised Statutes of Idaho is unconstitutional, is not supported by the authorities cited by the

appellant.    (*Maclay v. Love,* 25 Cal. 368, 85 Am. Dec. 133, and note.)

MORGAN, J.—In this case the plaintiff alleges that Estella E. Bradford was the owner and in possession of fifteen head of cows and heifers, and other livestock. That she did, on or about the twenty-ninth day of November, 1887, lease to the defendant, O. Willcut, the said stock, upon the condition that he was to care for said stock, and have possession thereof, for the term of five years on and after the said twenty-ninth day of November, and to receive therefor one-half of the increase, the other half to go to and be returned by the said Estella E. Bradford. It was further agreed that, in case of the loss of any of the above stock, or the increase thereof, through or by neglect of the said party of the second part, then the said defendant Willcut should make good such loss to the said Estella. Included with said stock were five yearling steers. Said steers were to be sold by the party of the second part when they became three years of age. The proceeds of said sale were to be equally divided between the parties of the first and second part, and at the end of five years the said Willcut was to return what might be left of the original number, and one-half of the increase of the same. In pursuance of said lease, the stock was duly transferred by the said Estella Bradford to said Willcut, and he at all times thereafter had the management, possession and control of same. That on or about the thirty-first day of July, 1889, the said Estella E. Bradford, for a valuable compensation, sold and transferred to the plaintiff, Dennison, all of the said cows and other stock, mentioned in said lease, and all of her right to the increase thereof, and all of her rights under said agreement. Plaintiff further alleges that, in the year 1890, defendant sold eight of the steers for the sum of forty dollars per head; that the defendant refused to pay plaintiff the one-half of the money so received; also that, in the winters of 1888-89 and 1889-90, the defendant carelessly and negligently permitted said stock to go without food, shelter, and proper care, whereby five of the cows, mentioned in said agreement, died; that the value of said cows was thirty dollars each; and demands judgment for the sum of $410 and

interest thereon. On the twenty-third day of April, 1891, the
said Willcut, before answering to the said complaint, made an
affidavit stating therein that the same property is claimed by
one Robert McCrea, by virtue of a sheriff's certificate of sale,
which sale was made under an execution issued out of a court
of a justice of the peace, upon a judgment rendered in favor
of *McCrea Brothers v. Estella E. Bradford;* that the defendant
is ignorant of the rights of said claimants, and is not acting
in collusion with either of them; that the defendant is ready
and willing to deliver said property to such persons as the court
may direct; that he is also ready and willing to pay any amount
that he may be adjudged liable for by this court in this
action. Upon the presentation of this affidavit, the court or-
dered Robert McCrea and Charles McCrea to be made parties
defendant in said suit, and that a summons be issued and
served upon them, which was done. Thereafter the defendant
Willcut filed his answer to the said complaint, which is a mix-
ture of denials, allegations of evidence, and conclusions of law,
of such a character that two-thirds of it should be stricken
out; but, taking it altogether, there is, at least, an informal
denial of the sale and transfer of said stock to the plaintiff
Dennison. McCrea Brothers also file an answer, which, in one
part thereof, alleges that on the twenty-fourth day of August
they, the said defendants, instituted an action in the justice
court of Westwood precinct, Kootenai county, Idaho, to re-
cover a debt against Edward and Estella Bradford, issued an
attachment therein, and levied the same upon the above-de-
scribed stock, and obtained judgment thereon on the twentieth
day of November, 1889. Execution was issued thereon, the
levy made on the same stock, which was sold to satisfy the
said execution, and McCrea Brothers became the purchasers of
all the interest of Edward and Estella Bradford in and to said
stock, and received a sheriff's certificate for said purchase.
The balance of the answer is very similar to the answer of the
defendant Willcut, and a large part of it is surplusage. This
answer, as well as that of Willcut, however, states that Lewis
H. Dennison is not the real party in interest in said suit, but
that the purchase of said stock was made, if made at all, by
the said Dennison as guardian for Porter L. Dennison and

Ida H. Dennison, and that transfer, if any, of said stock, was made to plaintiff, if made at all, as guardian of the said Porter L. and Ida H.

Demurrer was interposed by the attorneys of the plaintiff to the answer of the defendant Willcut. The record, however, does not show that any action was taken on said demurrer. A motion was made by the plaintiff, also, to set aside the order making Robert and Charles McCrea defendants in said action. Upon consideration of this motion, the court overruled the same, and refused to set aside the order, to which the plaintiff excepted. We think this action of the court was proper, under the statement made in the affidavit of Willcut, defendant, that McCrea Brothers were proper parties to the action. (Idaho Rev. Stats., sec. 4109.)

Thereafter the plaintiff, Dennison, on the third day of August, 1892, moved the court for leave to file a supplemental complaint, setting up a bill of sale made by Estella E. Bradford and Edward Bradford, her husband, approving of the sale and transfer made by Estella Bradford on the thirty-first day of July, 1889, and again transferring the said stock to the said plaintiff. The second bill of sale between the same parties was dated the eighteenth day of September, 1891. The said motion to file said complaint was denied by the court, to which ruling the plaintiff then and there excepted. We think this was error. The plaintiff should have been permitted to file his supplemental complaint, setting forth, as it did, a copy of the corrected bill of sale. It will be observed that, had no rights of third parties intervened, the corrected bill of sale would have made the title perfect in the complainant. It is true that the answer of McCrea Brothers alleges that the same property had been levied upon and sold, under a judgment and execution wherein McCrea Brothers were plaintiffs and Edward and Estella Bradford were defendants; but this was then simply an allegation, and awaited proof. Should McCrea Brothers fail in their proof, then title would be complete in plaintiff. Should they succeed in proving valid attachment and levy, judgment and execution, levy and sale thereunder, then the title of Dennison would seem to be defeated. The supplemental complaint set forth facts which would enable

plaintiff to succeed in proving title, no right of others intervening. He should have been permitted to place it on file. Then the plaintiff and McCrea Brothers, successively, could have made such proof of title as they had, and the one having the better title must succeed.

Thereafter the cause proceeded to trial with a jury. Defendant was introduced as a witness on the part of the plaintiff. He identified the lease from Estella Bradford to himself, which was thereupon offered in evidence. It was objected to by defendant because it was signed only by Estella E. Bradford, a married woman. This objection was overruled by the court, and the lease permitted to go in evidence. This action of the court was entirely proper, as the defendant is estopped from denying the validity of an instrument by virtue of which alone he has obtained possession of property, which he still holds. Third parties might deny its validity, but he cannot.

It is again objected by the defendant, Willcut, and also by McCrea Brothers, that plaintiff, Dennison, could not bring the suit for the recovery of the money alleged to be due by reason of the sale of a portion of said cattle, and the loss, by neglect and carelessness, of another portion thereof. It appears from the two bills of sale that the stock was transferred to Lewis H. Dennison as guardian for Porter L. and Ida H. Dennison. The guardian for a minor is not permitted to bring suit in his own name for money or property belonging to the ward, and which he has a right to the possession of as such guardian, but must bring suit as guardian. (*Fox v. Minor,* 32 Cal. 116, 91 Am. Dec. 566; *Emeric v. Alvarado,* 64 Cal. 529, 2 Pac. 418.) He might, however, show if the fact that the money used for the purchase of the stock was his own, notwithstanding the recital in the bill of sale. (*Kelly v. Leachman,* ante, p. 672, 34 Pac. 813; *Miller v. McKenzie,* 95 N. Y. 578, 47 Am. Rep. 85; Browne on Parol Evidence, sec. 18.) The refusal of the court to permit the filing of the supplemental complaint shut out both the original and the supplemental bill of sale. If the supplemental complaint had been permitted to be placed on file, both of these bills of sale would have been proper evidence. While the one dated July 31, 1889, was not executed in accordance with the law, and was therefore not, by itself, ad-

missible, it would, however, be properly admissible with the second bill of sale, under the supplemental complaint.

The decision of the lower court must be reversed, and a new trial granted, for the reasons stated above, with permission to the plaintiff to file his supplemental complaint, and to the defendants to file amended answers, and it is so ordered. Costs awarded to appellant.

Huston, C. J., and Sullivan, J., concur.