IN RE ESTATE OF HENRY STUDE.

MARY STUDE, Appellant, v. DOMONICK GROSS, Adminstrator, Appellee.

**DOWER AND DISTRIBUTION:** Dower or Distributive Share—
1 Property Subject to Dower—Guardianship Property. A surviving spouse is not entitled to dower in property held in trust by deceased as guardian.

**GUARDIAN AND WARD:** Care and Custody of Ward's Estate—
2 Title to Trust Funds. The *title* of a ward to guardianship trust funds is not lost by the act of the guardian in using such funds in his own private business, even though it appears that *interest on the funds* was exacted from the guardian by order of court. So held where deceased had been guardian of minors, and the amount of the widow's dower or distributive share depended on whether the guardian ever acquired title to the guardianship trust funds.

**GUARDIAN AND WARD:** Care and Custody of Ward's Estate—
3 Principles. The following principles governing guardians and guardianship matters, are recognized, to wit:

1. The title to guardianship property remains in the ward.

2. Actions, save for injury to possession, are to be brought in the name of the ward rather than in that of the guardian.

3. For a guardian to invest in trade or to speculate on his own behalf would be a breach of duty on the part of the guardian.

4. A guardian must at all times exercise reasonable diligence to keep the funds of the ward loaned under orders of the court.

*Appeal from Pottawattamie District Court.*—E. B. WOOD-RUFF, Judge.

MONDAY, APRIL 3, 1917.

DOMONICK GROSS filed his final report as administrator of the estate of Henry Stude, deceased, March 27, 1915. Among other things, he recited that Stude had been guardian of Christian Arndt, and John, Margaretha, and Hattie Stude; that he had filed a report, February 9, 1912, disclosing that he had, on January 1st preceding, of the moneys of his wards, $1,374.07 belonging to Christian Arndt, and $1,912.09 belonging to each of the others; that Arndt had attained his majority, and Henry Vogt had been appointed guardian of the other three; that no money had come into his hands until March 18, 1915, and that 4 per cent interest per annum should be paid on these amounts; that there was nothing more to be done other than to pay over the several sums, with interest. He prayed that the court determine the amount still due Mary Stude, widow of decedent, fees to be paid his attorneys and himself, and that he be authorized to make payments accordingly, and settle with Arndt and Vogt. The court entered an order, among others, that the administrator settle with "the guardian of the minors for whom decedent was guardian, such fund being a trust fund and not assets of the Henry Stude estate, the administrator to pay 4 per cent interest according to the decedent guardian's report. * * * It is also found by the court that the widow is not entitled to any share of the funds belonging to said wards for whom decedent was guardian at the time of his death, and in settlement with her, the administrator shall deduct such funds from the estate of the decedent before he pays her dower share of her hus-

band's estate. Ine D. Shuttleworth appears for the widow, and objects to such order and takes exception thereto." The widow, Mary Stude, appeals.—*Affirmed.*

Ine D. Shuttleworth and W. H. Killpack, for appellant.

No argument for appellee.

1. DOWER AND
DISTRIBUTION:
dower or dis-
tributive share:
property sub-
ject to dower:
guardianship
property.

LADD, J.—The decedent had been guardian of the estates of four children, and a considerable sum of money belonging to each had come into his hands. The administrator of the decedent's estate was ordered to pay over these several sums, with interest at the rate of 4 per cent per annum added from the date of the last report of decedent as guardian, and it was further ordered that the distributive share of the widow of decedent be one third of the estate after paying the moneys owed these wards by decedent as guardian. She contends "that, at the time of the death of Henry Stude, deceased, and prior thereto, that the funds in his hands as guardian of said children, were borrowed and used by him under the orders of the court, and was not a trust fund as contended by appellee, and that the dower interest of the said appellant in her husband's estate was not liable for the payment of said funds, but that said funds should be taken from the two-thirds interest coming to the children of Henry Stude, deceased."

2. GUARDIAN AND
WARD: care
and custody
of ward's es-
tate: title to
trust funds.

The record disclosed that payment of interest on the several funds was exacted from the guardian by order of court, and subsequently from the administrator of his estate; but the grounds for so doing are not disclosed, and surely it is not to be inferred from the mere order that this was owing to any loan made by decedent as guardian to himself individually, with or without an order of the court. Title to the several funds was in the

several wards and so remained, unless these
sums were converted by the guardian to his
own use, and there was no evidence so show-
ing. The relation between the guardian and
wards is that of trustee and *cestui que*
*trust,* but the trust is not one which gives to the guardian
the legal title to the wards' estate, as in case of administra-
tors, executors, and trustees appointed by deed, by will, or
by the court. The guardian's duties entitle him to the pos-
session of the ward's property, but his possession is the pos-
session of the ward, in whom the legal title remains. *Rollins*
*v. Marsh,* 128 Mass. 116, 118; *Hutchins v. Dresser,* 26 Me. 76;
*Newton v. Nutt,* 58 N. H. 599. Actions, save for injury to
possession, are to be brought in the name of the ward, rather
than that of the guardian. *Wilson v. Galey,* 103 Ind. 257;
*Morgan v. Potter,* 157 U. S. 195; *Dennison v. Willcut,* (Ida-
ho) 35 Pac. 698; *Newton v. Nutt,* supra. The possession of
personal property by the guardian, then, is the possession
of the ward, and the guardian is required to exercise the ut-
most good faith in taking care of the wards' interests. It is
his duty to preserve the wards' property intact, and keep it
separate from his own. *Brisbane v. Bank,* 4 Watts (Pa.)
92; *White v. Parker,* 8 Barb. (N. Y.) 48; Woerner on Guar-
dianship, Section 63.

To invest in trade or speculation would be a breach of
duty on the part of the guardian. *Tucker v. State,* 72 Ind.
242; *King v. Talbot,* 40 N. Y. 76; *Martin v. Raborn,* 42 Ala.
648. But it is well established that a guardian may not
keep idle the money or property of his wards, but is bound
to all reasonable diligence in keeping the money loaned out
on good security under the orders of the court, and in pro-
curing ordinary returns from other property; and, if he re-
fuses or neglects to invest the money in loans such as may
be approved by the court, the general rule is that he will be
charged a reasonable rate of interest for the use of the money

3. GUARDIAN AND WARD: care and custody of ward's es- tate: princi- ples.

he has neglected to loan. Of course, he is not required, at his peril, to keep the funds of his wards so invested at all times, but he must exercise reasonable diligence to keep it so invested; and, if he fails so to do, he will, as said, be charged with a reasonable rate of interest for the use of the money during the period it might have been loaned out. The rule is well stated in *Cruce v. Cruce,* 81 Mo. 676:

"First. A trustee is accountable for all interest or profits actually received by him from the trust fund, whether used in his private business or otherwise employed by him. Under no circumstances will he be permitted to retain any benefit or advantage from the trust fund, except his compensation or commissions. Second. He is, at all events, accountable for such interest or profits as he might have obtained by the exercise of reasonable skill and exertion in the management of the fund, whenever the character of his trust or the relation which he holds to the fund, requires him to make it productive. In all such cases he is, at least, accountable for such gains and profits, although the actual gains and profits may be less."

See Woerner on Guardianship, Section 64, where the authorities are gathered and reviewed. That the guardian may have made use of the funds of his wards in his private business, did not constitute the transaction a loan. Such a course would have been a delinquency on his part, often denounced as gross and wilful violation of his duty. It would have been a conversion of the property to his own use, and is never approved by the courts. The title to the property continued in the wards, in the sense that, had he appropriated it, it might have been traced by them in a proper action, and the property, as well as the profits derived therefrom, recovered. The funds never became the property of the decedent, as between him and his wards, but continued that of his wards, and the court rightly ordered the payment of the several sums owing these wards from the estate of decedent.

As decedent never had title thereto, the widow had no distributive share therein. In other words, the widow was not entitled to a distributive one third of the property of his wards, and the court rightly so held.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.