## Wallace v. Hayes.

John L. Du Bois, for plaintiff; Vanartsdalen & Biester, for defendant.

KELLER, P. J., April 15, 1931.—The defendant, a constable of New Britain Borough, lodged an information before a justice of the peace, charging one Charles Wallace, Jr., a minor son of the plaintiff, with the offense of larceny of a motorcycle, the property of the defendant. A warrant was issued to the defendant, who arrested young Wallace, and, after a hearing before a justice of the peace, he was discharged. The plaintiff, George Wallace, Sr., then caused a capias ad respondendum to be issued against the defendant to recover damages for malicious prosecution of the said Charles Wallace, Jr. The defendant has moved to quash the writ, assigning as one of the reasons in support thereof that the affidavit on which the capias was issued was defective, in that it fails to disclose definitely whether the said action was brought against the defendant in his official capacity as constable or as an individual; that by reason of the averment in the affidavit that the defendant was a constable, together with the fact that he was notified that he would be made defendant in an action of trespass for damages for malicious prosecution, a copy of which notice was attached to the affidavit to hold to bail, the natural and logical inference is that the action was brought against the defendant in his official capacity, and that, therefore, the notice was defective, in that it was not in accordance with the requirements of the act of assembly. We admitted the defendant to common bail because of irregularities in the procedure. We are of the opinion that this action was brought against him in his official capacity as constable. Had it been otherwise, there would have been no occasion for the plaintiff to have given him previous notice of his intended action. Furthermore, the notice to defendant did not comply with the requirements of the Act of March 21, 1772, 1 Sm. Laws 365, section 6, which designates both the contents and the duration of the notice, and it has been held that compliance with its requirements is absolute and imperative and is a condition precedent to the right of action: Com. v. Warfel, Ream's Appeal, 157 Pa. 444.

This case is open to the further and more serious objection that the suit was improperly brought, in that the party plaintiff is "Charles Wallace, Sr., father and next friend of Charles Wallace, Jr.," who is seeking to recover for damages alleged to have been sustained by the said Charles Wallace, Jr., and that the said Charles Wallace, Jr., is nowhere and in no sense made a party to the proceeding. Action must be brought in the names of the proper

528

parties. In the case of a minor, he must bring an action in his own name by a next friend, usually the parent or guardian. In the instant case there is nothing to indicate that the plaintiff is suing in a representative capacity in behalf of his son, Charles Wallace, Jr., the real party to the action. The words "father and next friend of Charles Wallace, Jr.," might very properly be said to be merely descriptive. Where an infant is the real party to an action at law, the action or suit must be prosecuted in his own name by a next friend, usually a parent, or by his guardian, and not in the name of his representative: Patton, Common Pleas Practice, p. 32; 31 C. J. 1117. In the early case of Carskadden v. M'Ghee, 7 W. & S. 140, where suit was brought in the name of "Mary M'Ghee and others, guardians of the minor children of John M'Ghee, deceased," the court held this to be a suit by the said Mary M'Ghee in her own right and that the words "and others, guardians of the minor children of John M'Ghee," must be held a matter of description merely. That this is still the law is shown by the case of Morgan v. Potter, 157 U. S. 195, where a minor's mother was suing as his next friend, and the Supreme Court held that the bill could not be maintained, saying: "It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom this suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or guardian ad litem by whom suit is brought or defended in behalf of another. The suit must be brought in the name of the infant and not in that of the next friend." See, also, Sandeen v. Tschider, 205 Fed. 252; Manning v. Baylinson, 68 Pa. Superior Ct. 512. In view of these decisions, we feel this writ must be quashed.

And now, to wit, April 15, 1931, the motion to quash is made absolute.